**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Jose PENA.**

Superior Court of Pennsylvania.

Argued April 26, 2011.
Filed Oct. 31, 2011.

Hugh J. Burns, Jr., Assistant District Attorney and Peter Carr, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Rania M. Major–Trunfio, Philadelphia, for appellee.

BEFORE: OLSON, FREEDBERG, and COLVILLE\*, JJ.

OPINION BY FREEDBERG, J.:

The Commonwealth appeals[1] from the order entered on March 11, 2010, and docketed on April 14, 2010, by the Court of Common Pleas of Philadelphia County, which granted the motion to preclude the juvenile sexual assault victims from testifying filed by Appellee Jose Pena. We reverse in part, vacate in part, and remand.

Minor victims X.R., age fourteen, and A.R., age fifteen, accused the Appellee of repeatedly sexually assaulting them in August 2007. At the time, the victims were living with Appellee and his girlfriend. Both girls had previously accused other men of sexually assaulting them. In 1998 or 1999, the girls claimed that one of their uncles, Abraham Santos,[2] sexually abused them. Santos ultimately pleaded guilty to two counts of corrupting the morals of a minor.[3] The girls further claimed that another uncle, Carlos Cortez,[4] sexually assaulted them. Cortez pleaded guilty to two counts of rape and other charges, some of which involved sexual assaults on a third minor, after police discovered videos he had made of the sexual abuse.

---

\* Retired Senior Judge appointed to the Superior Court.

1. The Commonwealth may take an appeal of right from an order that does not end the entire case if the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution. Pa.R.A.P. 311(d); *Commonwealth v. Torres*, 564 Pa. 86, 764 A.2d 532, 536, n. 2 (2001). The Commonwealth has filed such a certification in this case.

2. Appellee incorrectly refers to this individual as "Adam Santos."

3. In his motion for a taint hearing, Appellee wrongly claimed that Santos was exonerated.

4. Appellee incorrectly refers to this individual as "Carlos Santos."

As a consequence of the abuse, both girls have a history of mental health and behavioral problems. X.R. was diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") and Oppositional Defiant Disorder ("ODD") and takes Adderall and Benadryl on a regular basis. A.R. was also diagnosed with ADHD and depression. A.R. has twice been hospitalized on an inpatient basis. She currently takes Respidol, Zoloft, and Abilify. A.R. has had side effects from the Abilify in the form of "flashbacks" to the sexual abuse committed by Abraham Santos.

Appellee was charged with two counts each of rape, aggravated indecent assault, indecent assault, sexual assault, statutory sexual assault, simple assault, corrupting the morals of a minor, and unlawful contact with a minor. Prior to trial, Appellee filed a motion seeking a "taint" hearing. Over the Commonwealth's objection, the trial court conducted such a hearing on July 9, 2009, July 24, 2009, November 12, 2009, and March 5, 2010. On March 11, 2010, the trial court mailed an order declaring both X.R. and A.R. incompetent to testify on the basis of taint.

For reasons, not apparent in the record, although the order was sent to the Clerk of Quarter Sessions and mailed to the parties on March 11, 2010, it was never docketed. On April 14, 2010, following a hearing, the order was placed on the docket. On May 4, 2010, the Commonwealth filed the instant appeal. The Commonwealth was ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The Commonwealth filed a timely statement, and the trial court issued an opinion.

On appeal, the Commonwealth raises two issues for our review:

1. Under controlling precedent, is an appeal timely when it is filed within thirty days of the docketing of the lower court's order, even if more than thirty days have passed since the issuance of the order?

2. Under controlling precedent, was it error to preclude the juvenile sexual assault victims from testifying where they were at least fourteen years of age, and, in any event, there was no evidence—much less clear and convincing evidence—that their memories had been "tainted" by improper and suggestive interview techniques?

Commonwealth's Brief at 3.

■ The first issue raised relates to the timeliness of the appeal. Timeliness of an appeal is a jurisdictional question. When a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace. *Day v. Civil Service Com'n of Borough of Carlisle*, 593 Pa. 448, 931 A.2d 646, 652 (2007). Pennsylvania Rule of Appellate Procedure 903 provides that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). An order is not appealable until "it has been entered on the appropriate docket in the lower court." Pa.R.A.P. 301(a). While the trial court mailed the order to the parties and delivered it to the Clerk of Quarter Sessions in March 2011, it was not docketed until April 14, 2011. Thus, the order did not become appealable until that date. As the Commonwealth filed the appeal on May 4, 2011, less than thirty days after the order was docketed, the appeal is timely.

■ The Commonwealth challenges the decision of the trial court finding that the minor victims were incompetent to testify because of "taint." Our standard of review recognizes that "[a] child's competency to testify is a threshold *legal issue* that a trial court must decide, and an appellate

court will not disturb its determination absent an abuse of discretion." *Commonwealth v. Washington,* 554 Pa. 559, 722 A.2d 643, 646 (1998) (citation omitted) (emphasis added). Our scope of review is plenary. *Commonwealth v. Delbridge ("Delbridge II"),* 580 Pa. 68, 859 A.2d 1254, 1257 (2004).

■ Every witness is presumed competent. Pa. R.E. 601(a). A party who challenges the competency of a minor witness must prove by clear and convincing evidence that the witness lacks "the minimal capacity ... (1) to communicate, (2) to observe an event and accurately recall that observation, and (3) to understand the necessity to speak the truth." *Commonwealth v. Delbridge ("Delbridge I"),* 578 Pa. 641, 855 A.2d 27, 40 (2003).

The Pennsylvania Supreme Court has defined "taint" as "... the implantation of false memories or distortion of actual memories through improper and suggestive interview techniques[.]" *Id.* at 30, 35. Within the three-part test described above, "[t]aint speaks to the second prong ..., the mental capacity to observe the occurrence itself and the capacity of remembering *what it is* that the witness is called upon to testify about." *Id.* at 40 (citation omitted, emphasis in original, brackets omitted).

■ In discussing testimonial competency, Pennsylvania courts have clearly and unequivocally stated that taint is only "a legitimate question for examination in cases involving complaints of sexual abuse made by *young children.*" *Delbridge I,* 855 A.2d at 39 (emphasis added). When a witness is at least fourteen years old, he or she is entitled to the same presumption of competence as an adult witness. *Rosche v. McCoy,* 397 Pa. 615, 156 A.2d 307, 310 (1959). In *Commonwealth v. Judd,* 897 A.2d 1224 (Pa.Super.2006), *appeal denied,* 590 Pa. 675, 912 A.2d 1291 (2006), this

Court held that because the juvenile sexual assault victim "was fifteen years old when she *testified at trial* ..., any issue with her ability to correctly remember the events in question is properly a question of credibility not of taint." *Judd,* 897 A.2d at 1229 (emphasis added). Further, the concerns underlying the three-part test for evaluating the testimonial competency of minors "become less relevant as the witness's age increases, ultimately being rendered *totally irrelevant as a matter of law by age fourteen.*" *Id.* (emphasis added). In *Commonwealth v. Moore,* 980 A.2d 647 (Pa.Super.2009), this Court reiterated that the critical age for purposes of conducting a taint hearing is not the age at the time of the crime but the age at the time of trial. *Moore,* 980 A.2d at 648, 652 (where the minor witness was thirteen at the time of the crime but fourteen at the time of trial, the witness "did not require a competency hearing. Any issues regarding [the witness]'s observation of the incident in question is a question of credibility and does not implicate taint.... [prior decisions of the Pennsylvania courts] preclude a competency hearing for [a] fourteen-year-old....").

■ X.R. and A.R. were, respectively, fourteen and fifteen at the time of the taint hearing. Thus, the issue of taint was "totally irrelevant as a matter of law," and the trial court abused its discretion in conducting a competency hearing in this matter. Instead, the issues raised by Appellee in his motion, i.e., the witnesses' alleged bias against him, the role played by the victims' mother, and the victims' mental health/behavioral problems are credibility factors to be weighed by the finder-of-fact, not a legal issue to be determined by the trial court via a competency hearing.

■ In its decision, the trial court also found that, even in the absence of

taint, A.R. was incompetent to testify because of her mental health problems. This issue was not raised by Appellee in his motion to preclude the victims from testifying. A trial court should not act as a party's advocate. *Yount v. Pennsylvania Department of Corrections*, 600 Pa. 418, 966 A.2d 1115, 1119 (2009) (citation omitted). By *sua sponte* partially deciding a motion to preclude the victims from testifying on a ground not raised by defense counsel, the trial court deprived the Commonwealth of an opportunity to be heard and inappropriately acted as an advocate for the defense. The trial court's action was particularly inappropriate given that the record is devoid of objective medical evidence such as information about the psychotropic medication and its effect on memory, or medical testimony regarding the effect of A.R.'s diagnosed condition on memory, that would support a conclusion that A.R.'s mental issues render her incompetent to testify.

The trial court abused its discretion in holding a "taint" hearing and finding the minor victims incompetent to testify. Accordingly, we reverse that portion of the trial court's order finding the victims tainted. Because the general issue of competence was not properly raised, we vacate that portion of the trial court's order finding A.R. incompetent to testify.

Order **REVERSED** in part and **VACATED** in part. Case **REMANDED.** Jurisdiction **RELINQUISHED.**