J-S70020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTONIO R. BELL | |
| Appellant | No. 877 EDA 2014 |

Appeal from the Judgment of Sentence January 23, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-001609-2003

BEFORE: LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY MUNDY, J.:          **FILED OCTOBER 30, 2014**

Appellant, Antonio R. Bell, appeals from the January 23, 2014 aggregate judgment of sentence of 38 months and five days to 60 months'[1] imprisonment following the revocation of his parole and probation. After careful review, we quash this appeal.

As noted above, on January 23, 2014, the trial court found Appellant in violation of his parole and probation and imposed the above-mentioned sentence. On January 31, 2014, Appellant filed a timely motion for

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Based on technical violations as well as his conviction for new offenses in Bucks County, Appellant was sentenced to 14 months and five days' imprisonment for the remaining portion of his revoked parole sentence, and a consecutive two to five years' imprisonment for revocation of his probation.

reconsideration of sentence pursuant to Pennsylvania Rule of Criminal Procedure 708(E), which the trial court denied on February 18, 2014. On March 18, 2014, Appellant filed a *pro se* notice of appeal.[2]

Before we may entertain Appellant's appeal, we must first determine whether we have jurisdiction. We may raise issues concerning our appellate jurisdiction *sua sponte*. ***Commonwealth v. Andre***, 17 A.3d 951, 957-958 (Pa. Super. 2011). In order to invoke our appellate jurisdiction, Pennsylvania Rule of Appellate Procedure 903 requires that "the notice of appeal … be filed within 30 days of the imposition of the judgment of sentence in open court." Pa.R.A.P. 903(c). Since this filing period is jurisdictional in nature, it must be strictly construed and "may not be extended as a matter of indulgence or grace." ***Commonwealth v. Pena***, 31 A.3d 704, 706 (Pa. Super. 2011) (citation omitted). In addition, Rule 708(E) states that "[t]he filing of a motion to modify sentence will not toll the 30-day appeal period." Pa.R.Crim.P. 708(E); ***accord Commonwealth v. Heilman***, 876 A.2d 1021, 1026 (Pa. Super. 2005) (citations omitted).

In this case, Appellant was sentenced on January 23, 2014. Although Appellant filed a timely motion to modify sentence, this did not toll the Rule

---

[2] We note that on an alternative basis, this Court could quash Appellant's appeal for filing a *pro se* notice of appeal while also represented by counsel, as "the disapproval of hybrid representation is effective at all levels." ***Commonwealth v. Cooper***, 27 A.3d 994, 1000 n.9 (Pa. 2011) (citation omitted).

903 filing period. As a result, Appellant's notice of appeal was due within 30 days of the imposition of sentence, *i.e.*, by February 24, 2014.[3] Appellant filed the instant notice of appeal on March 18, 2014, 22 days past the Rule 903 filing deadline.[4]

Based on the foregoing, we conclude that Appellant's notice of appeal was untimely, as it was filed 54 days after the trial court imposed Appellant's sentence in open court. Accordingly, we conclude that we are without jurisdiction, and quash this appeal.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/30/2014

_____

[3] We observe that the 30th day fell on Saturday, February 22, 2014. When computing the 30-day filing period, "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, the 30th day for Appellant to file a timely notice of appeal was Monday, February 24, 2014.

[4] We note the trial court informed Appellant at sentencing of the ten-day period to file an optional motion for modification of sentence, as well as the 30-day filing period for a notice of appeal. N.T., 1/23/14, at 26.