J-S57029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: T.S.A., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.B., MOTHER | |
| | No. 638 EDA 2014 |

Appeal from the Decree January 15, 2014
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): CP-51-AP-0000727-2013
CP-51-DP-0001514-2012

| | |
|---|---|
| IN THE INTEREST OF: D.K.R., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.B., MOTHER | |
| | No. 639 EDA 2014 |

Appeal from the Decree January 15, 2014
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): CP-51-AP-0000728-2013
CP-51-DP-0001512-2012

| | |
|---|---|
| IN THE INTEREST OF: T.M.A., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.B., MOTHER | |
| | No. 640 EDA 2014 |

Appeal from the Decree January 15, 2014
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): CP-51-AP-0000729-2013
CP-51-DP-0001513-2012

BEFORE:  DONOHUE, J., MUNDY, J., and STABILE, J.

JUDGMENT ORDER BY MUNDY, J.:          **FILED DECEMBER 31, 2014**

J.B. (Mother), appeals from the January 15, 2014 decrees involuntarily terminating her parental rights and the concurrent orders changing the permanency goals to adoption with respect to her sons, D.K.R., born in August 2006, and T.M.A., born in September 2009, and her daughter, T.S.A., born in June 2012 (collectively, the Children).[1]  After careful review, we quash these appeals.

Before we may address the merits of Mother's appeal, we must first determine whether this appeal is properly before us.  We may raise issues concerning our appellate jurisdiction *sua sponte*.  **Commonwealth v. Patterson**, 940 A.2d 493, 497 (Pa. Super. 2007), *appeal denied*, 960 A.2d 838 (Pa. 2008).  In order to invoke our appellate jurisdiction, Pennsylvania Rule of Appellate Procedure 903 requires that all "notice[s] of appeal … shall be filed within 30 days after the entry of the order from which the appeal is

---

[1] We observe that the trial court sent the certified record to this Court more than one month past the date it was due.  Therefore, despite diligence by this Court, the processing of this appeal has been delayed.

taken."[2] Pa.R.A.P. 903(a). Since this filing period is jurisdictional in nature, it must be strictly construed and "may not be extended as a matter of indulgence or grace." **Commonwealth v. Pena**, 31 A.3d 704, 706 (Pa. Super. 2011) (citation omitted).[3]

In the case *sub judice*, the trial court entered its final decrees terminating Mother's parental rights to the Children and orders changing the permanency goal to adoption on Thursday, January 15, 2014. The trial court's docket indicates that notices of entry of all of the decrees and orders were served on Mother by hand delivery on that same day. **See generally** Pa.R.C.P. 236 (directing the prothonotary to immediately provide each party and/or counsel with notice of the entry of an order, and to note the same in the docket). As a result, Mother's notices of appeal were due on Friday, February 14, 2014. Mother's notices of appeal were all filed on Tuesday, February 18, 2014, 34 days after the decrees were entered and docketed.

Based on the foregoing, we conclude that Mother's notices of appeal were untimely filed, as they were not filed within 30 days of the final decrees

---

[2] Our Supreme Court has held that "an order terminating or preserving parental rights … shall be deemed final when entered." **In re H.S.W.C.-B.**, 836 A.2d 908, 911 (Pa. 2003).

[3] We note "[s]ince the Rules of Appellate Procedure apply to criminal and civil cases alike, the principles enunciated in criminal cases construing those rules are equally applicable in civil cases." **Lineberger v. Wyeth**, 894 A.2d 141, 148 n.4 (Pa. Super. 2006), *citing* **Kanter v. Epstein**, 866 A.2d 394, 400 n.6 (Pa. Super. 2004), *appeal denied*, 880 A.2d 1239 (Pa. 2005).

terminating Mother's parental rights to the Children, or of the orders changing the permanency goal to adoption. Accordingly, we conclude we are without jurisdiction, and quash these appeals.

Appeals quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2014