J-S18041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY LEONARD CANTZ | |
| Appellant | No. 2321 EDA 2014 |

Appeal from the PCRA Order June 30, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001853-2011

BEFORE:  BENDER, P.J.E., ALLEN, J., and MUNDY, J.

JUDGMENT ORDER BY MUNDY, J.:                        **FILED JUNE 11, 2015**

Appellant, Timothy Leonard Canz, filed a notice of appeal on August 7, 2014, from the June 30, 2014 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  "Because the timeliness of an appeal implicates our jurisdiction, we cannot address the merits of an appeal or cross-appeal before determining whether it was timely."  ***Krankowski v. O'Neil***, 928 A.2d 284, 285 (Pa. Super. 2007) (citation omitted).

> When a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace.  Pennsylvania Rule of Appellate Procedure 903 provides that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).  An order is not appealable until "it has been entered on the appropriate docket in the lower court."  Pa.R.A.P. 301(a).

*Commonwealth v. Pena*, 31 A.3d 704, 706 (Pa. Super. 2011) (citation omitted).

Instantly, the trial court's order dismissing Appellant's PCRA petition was docketed on June 30, 2014, with notations indicating notices were sent to each party on that date. Appellant's notice of appeal was not filed until August 7, 2014, 38 days after the entry of the June 30, 2014 order. On August 26, 2014, this Court issued a rule to show cause why the appeal should not be quashed as untimely. Appellant's counsel responded, noting the instant PCRA proceeding was initiated by a *pro se* PCRA petition filed by Appellant, including in its caption two underlying cases at CP-45-CR-0000895-2011 and CP-45-CR-0001853-2011. Appellant's Answer to Rule to Show Cause, 9/2/14, at 1. Counsel filed two amended PCRA petitions under the individual dockets, raising identical issues. *Id.* Thereafter, all proceedings and orders on the petitions were conducted or issued jointly, but the cases were never consolidated. *Id.* at 2. Counsel filed a timely notice of appeal of the PCRA court's denial of Appellant's amended PCRA petition at CP-45-CR-0000895-2011. Counsel avers he "inadvertently omitted the docket number for [CP-45-CR-0001853-2011] on Appellant's [n]otice of [a]ppeal," and attempted to remedy the oversight as soon as he became aware of the omission. *Id.* at 2-3. By *per curiam* order dated November 10, 2014, the question was deferred to this panel.

As counsel's inadvertence cannot excuse the untimeliness of the instant notice of appeal, we are constrained to quash the appeal. ***See Pena supra.***[1]

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/11/2015</u>

---

[1] Given our disposition, Counsel's motion to withdraw, and the Commonwealth's motion to dismiss are denied as moot.