J-S06026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRI THANH NGUYEN | |
| Appellant | No. 811 MDA 2015 |

Appeal from the PCRA Order April 29, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0002261-2008

BEFORE:  PANELLA, J., MUNDY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MUNDY, J.:                    **FILED MARCH 18, 2016**

Appellant, Tri Thanh Nguyen, appeals from the April 29, 2015 order, denying his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

A prior panel of this Court summarized the relevant procedural history of this case as follows.

>        On April 15, 2010, [following a bench trial, Appellant was found] guilty of various charges stemming from the sexual assault of minors. Following trial, [trial counsel] was permitted to withdraw as counsel, and [current counsel] was appointed in his place.  On March 1, 2011, [Appellant] was found to be a Sexually Violent Predator and was also sentenced [to an aggregate term of 406 to 888 months of imprisonment]. On March 14, 2011, [Appellant] filed a post-sentence motion alleging the ineffective assistance of trial counsel.  Due to a lengthy investigation by [Appellant], the matter did not proceed to an

_____

*Former Justice specially assigned to the Superior Court.

evidentiary hearing until June 30, 2011. On July 18, 201[1], the Clerk of Courts entered an order deeming the post-sentence motion denied by operation of law due to the passage of 120 [days] since the filing of the post-sentence motion pursuant to Pa.R.Crim.P. 720.

Following the denial of the post[-]sentence motion, [Appellant] made the decision to [forgo] an appeal and, instead, filed a [timely PCRA petition] on February 29, 2012. An evidentiary hearing was held on May 7, 2012. At the hearing, the Commonwealth challenged the Court's jurisdiction to hear the matter due to the fact that ineffective assistance of counsel had been raised in the post[-]sentence motion, the denial of which was not appealed, and therefore had been waived. The [PCRA] court ordered briefs on the issue. An Order dismissing the [PCRA petition] was entered on December 18, 2012, along with an accompanying Opinion explaining the [PCRA court's] decision.

***Commonwealth v. Nguyen***, 87 A.3d 372 (Pa. Super. 2013) (unpublished memorandum at 1-2), *appeal denied*, 89 A.3d 661 (Pa. 2014), *quoting* PCRA Court Opinion, 3/11/13, at 1. On September 4, 2013, this Court reversed the PCRA court's order and remanded for further proceedings, concluding that Appellant did not waive his ineffective assistance of counsel claims. ***Id.*** at 5-6. Our Supreme Court denied the Commonwealth's petition for allowance of appeal on April 4, 2014. ***See id.***

On remand, Appellant filed an amended PCRA petition on October 28, 2014. The Commonwealth filed its answer on November 5, 2014. On April

29, 2015, the PCRA court entered an order denying Appellant's PCRA petition. On May 11, 2015, Appellant filed a timely notice of appeal.[1]

On appeal, Appellant raises the following issue for our review.

> 1. Did the [PCRA] court err in denying Appellant's request for relief under the [PCRA]?

Appellant's Brief at 4.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

---

[1] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

The Sixth Amendment to the Federal Constitution provides, in relevant part, "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence."[2]  U.S. Const. amend. VI. The Supreme Court has long held that the Counsel Clause includes the right to the effective assistance of counsel.  *See generally Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987).

In analyzing claims of ineffective assistance of counsel, "[c]ounsel is presumed effective, and [appellant] bears the burden of proving otherwise." *Fears*, *supra* at 804 (brackets in original; citation omitted).  To prevail on any claim of ineffective assistance of counsel, a PCRA petitioner must allege and prove "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different."  *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013).  "A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs."  *Commonwealth v. Elliott*, 80

---

[2] Likewise, Article I, Section 9 of the Pennsylvania Constitution states in relevant part, "[i]n all criminal prosecutions the accused hath a right to be heard by himself and his counsel …."  Pa. Const. art. I, § 9.  Our Supreme Court has held that the Pennsylvania Constitution does not provide greater protection than the Sixth Amendment.  *Pierce*, *supra* at 976.

A.3d 415, 427 (Pa. 2013) (citation omitted), *cert. denied*, **Elliott v. Pennsylvania**, 135 S. Ct. 50 (2014).

Although presented as one issue, Appellant raises two ineffective assistance of counsel claims in this appeal. In his first claim, Appellant avers trial counsel was ineffective for not calling D.N., a man who lived in Appellant's home and admitted to molesting two of the victims in this case. Appellant's Brief at 17. This Court has previously noted that a PCRA petitioner has a heavy burden when alleging that counsel failed to call a certain witness at trial.

> [I]n the particular context of the alleged failure to call witnesses, counsel will not be deemed ineffective unless the PCRA petitioner demonstrates: (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial.

**Commonwealth v. Miner**, 44 A.3d 684, 687 (Pa. Super. 2012) (citation omitted).

> [After] … establish[ing] deficient performance, [a defendant] must also show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.

*Hinton v. Alabama*, 134 S. Ct. 1081, 1089 (2014) (*per curiam*). "[T]he test for prejudice in the ineffectiveness context is more exacting than the test for harmless error, and the burden of proof is on the defendant, not the Commonwealth." *Spotz*, *supra* at 315. "[T]he *Pierce* prejudice standard [] requires the defendant to show that counsel's conduct had an actual adverse effect on the outcome of the proceedings." *Id.* "[N]ot every error by counsel can or will result in a constitutional violation of a defendant's Sixth Amendment right to counsel." *Id.*

After careful review, we conclude Appellant has failed to satisfy the last two prongs articulated in *Miner*. Appellant has not made any showing that D.N. was available and willing to testify for the defense. Appellant instead posits that trial counsel should have subpoenaed D.N. and let him invoke the Self-Incrimination Clause of the Fifth Amendment on the stand, or negotiate immunity for D.N. with the Commonwealth. Appellant's Brief at 24. This concedes that D.N. was unavailable to testify for the defense if trial counsel was required to subpoena him for trial. *See generally Commonwealth v. Mollett*, 5 A.3d 291, 308 (Pa. Super. 2010) (stating, "[a] witness who asserts his Fifth Amendment right is unavailable if the trial court finds that the witness's concern with incriminating himself is valid[]"), *appeal denied*, 14 A.3d 826 (Pa. 2011).

Furthermore, Appellant does not explain how D.N. invoking the Fifth Amendment on the stand would give rise to "a reasonable probability that …

the factfinder would have had a reasonable doubt respecting guilt." **Hinton**, **supra**. D.N.'s hypothetical invocation of the Self-Incrimination Clause would not have produced any new facts for the jury to consider in conducting its deliberations in this case. Based on these considerations, we conclude Appellant's first claim on appeal lacks arguable merit, and Appellant has failed to show prejudice. **See Miner**, **supra**.

In his second claim, Appellant avers that trial counsel was ineffective for not filing a taint or competency motion under Pennsylvania Rule of Evidence 601 for witnesses L.U., who was 15 years old at the time of trial, and for R.M., who was 9 years old at the time of trial. Appellant's Brief at 31-34. The Commonwealth counters that both claims lack arguable merit as Appellant has not shown that either child was incompetent or that her testimony was tainted. Commonwealth's Brief at 10-19. We address each witness in turn.

As noted above, L.U. was 15 years old at the time of trial. Therefore, as a matter of law, L.U.'s competency was established. **See Commonwealth v. Moore**, 980 A.2d 647, 652 (Pa. Super. 2009) (stating, "when a witness is under the age of fourteen, the trial court must hold a competency hearing[]"), *appeal denied*, 991 A.2d 311 (Pa. 2010). For the same reason, the trial court was not required to hold a taint hearing. **See Commonwealth v. Pena**, 31 A.3d 704, 707 (Pa. Super. 2011) (stating that because witnesses were "fourteen and fifteen at the time of the taint hearing

… the issue of taint was totally irrelevant as a matter of law[]"); *accord*

***Commonwealth v. Judd***, 897 A.2d 1224, 1229 (Pa. Super. 2006), *appeal*

*denied*, 912 A.2d 1291 (Pa. 2006).

However, R.M. was 9 years old at the time of trial. Therefore, R.M.'s

competency "must be independently established." ***Commonwealth v.***

***Harvey***, 812 A.2d 1190, 1199 (Pa. 2002), *abrogated on other grounds*,

***Commonwealth v. Elliott***, 80 A.3d 415 (Pa. 2013).

> In order to be found competent, the minor must possess: (1) the capacity to communicate, including both an ability to understand questions and to frame and express intelligent answers; (2) the mental capacity to observe the occurrence itself and the capacity to remember the matter about which she has been called to testify; and (3) a consciousness of the duty to speak the truth.

***Id.***

In ***Harvey***, the defendant was convicted of first-degree murder, and

he challenged the determination that a 13 year old witness was competent

to testify at trial. ***Id.*** at 1193, 1199. Although our Supreme Court held that

the trial court erred in not conducting a separate colloquy on competency, it

concluded the error was harmless.

> In the instant case, the record clearly indicates that [the victim] was able to understand the questions asked of her by counsel and was able to frame and express intelligent answers to those questions regarding the details of the shooting. However, as the trial court acknowledged, given that [the victim] was only thirteen years old at the time of trial, the court did err in failing to conduct a separate colloquy in order to determine [the victim's]

> understanding of the oath that she took to tell the truth. Nevertheless, we agree with the trial court that because it had the opportunity to observe [the victim's] demeanor and was the sole determiner of her truthfulness, the fact that the trial court did not engage in a distinct colloquy regarding the truthfulness aspects of her competency did not prejudice Appellant.

*Id.* at 1199.

In this case, the PCRA court concluded that Appellant had not shown prejudice within the meaning of **Strickland** and **Pierce** based on the following.

> I don't think there's any - clearly no prejudice here because the fact finder in this case was Judge Herman who obviously knew what the standard for competency is. He was able to view the witness well, observed how she responded to the questions, and my review of the hard transcript I see nothing to say that she couldn't observe what she said she saw, that she had any trouble articulating what she said she saw or that she had [any trouble with] an appreciation for the truth telling process, so I just don't think especially in a case with a bench trial that I see any prejudice because I see nothing from the record to say that she was not competent to testify, so I will - I don't find that he was ineffective for not asking for a competency hearing because I don't find that [Appellant] was prejudiced in any way.

N.T., 4/22/15, at 24.

After careful review of the certified record, we conclude Appellant is not entitled to relief. Our Supreme Court has explained a defendant's burden to show prejudice in the following terms.

> Relating to the prejudice prong of the ineffectiveness test, the PCRA petitioner must

- 9 -

demonstrate that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different. Particularly relevant herein, it is well-settled that a court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the **Strickland** test, the court may proceed to that element first.

**Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012). As the PCRA court noted, this was a bench trial, and the trial court was well aware of the law on competency and "the trial court … had the opportunity to observe [R.M.]'s demeanor and was the sole determiner of her truthfulness[.]" **Harvey**, **supra**. In this instance, we find our Supreme Court's decision in **Harvey** controlling and conclude Appellant is not entitled to relief on this issue.

As for the issue of taint, Appellant argues on appeal that two items in the record point to evidence of taint. First, Appellant reports that R.M. was subjected to four interviews by Children and Youth Services (CYS) on January 5, 2007, January 8, 2007, February 19, 2007, and February 15, 2008, at the conclusion of which no evidence of sexual abuse was discovered. Appellant's Brief at 36-37. According to Appellant, "[i]t wasn't until October of 2008 that reports of sexual abuse pertaining to [Appellant] began to arise." **Id.** at 37. Appellant also alleges that R.M.'s foster parents "undoubtedly conducted countless interrogations of the children previously living in [Appellant]'s home." **Id.** at 37. Appellant continues that "the foster

parents had an incentive to interrogate and encourage the victims to explain that Appellant was molesting them because if the victims told authorities that Appellant was molesting them, their meal ticket was punched in that they would be guaranteed the financial assistance they received to support the children." *Id.* at 38.

We note that a motion for a taint hearing is governed by the following legal parameters.

> In order for the court to investigate the issue of taint at a competency hearing, however, the moving party must come forward with evidence of taint. Once the moving party comes forward with some evidence of taint, the court must expand the scope of the competency hearing to investigate that specific question. The party alleging taint bears the burden of production of some evidence of taint as well as the ultimate burden of persuasion to show taint by clear and convincing evidence after any hearing on the matter. When determining whether a defendant has presented some evidence of taint, the court must consider the totality of the circumstances surrounding the child's allegations. Some of the factors that are relevant in this analysis are: (1) the age of the child; (2) the existence of a motive hostile to the defendant on the part of the child's primary custodian; (3) the possibility that the child's primary custodian is unusually likely to read abuse into normal interaction; (4) whether the child was subjected to repeated interviews by various adults in positions of authority; (5) whether an interested adult was present during the course of any interviews; and (6) the existence of independent evidence regarding the interview techniques employed.

*Commonwealth v. Judd*, 897 A.2d 1224, 1229 (Pa. Super. 2006) (internal quotation marks and citations omitted), *appeal denied,* 912 A.2d 1291 (Pa. 2007).

The PCRA court rejected Appellant's taint issue because it had reviewed the interviews, and it "just [did not] see anything unduly suggestive during the interviews in any way. They [were] very open end[ed] questions … [and no] suggestion of answers." N.T., 4/16/15, at 24-25. The PCRA court continued that "[t]here's nothing in the Children's Resource Center to indicate that they were being suggested the answers." *Id.* at 25.

After careful review of the certified record, we conclude Appellant is not entitled to relief on this issue. As noted above, in order for a taint hearing to be warranted, the burden would have been on Appellant to come forward with evidence of taint. *Judd*, *supra*. There appears to be no dispute in this case that there were multiple interviews conducted of the children. However, multiple interviews are only one factor for a trial court to consider. *See id.* Our cases unequivocally require us to review a taint motion utilizing a totality of the circumstances test. *See id.*

As to the foster mothers' alleged financial motive, Appellant's brief only refers to testimony by Kristin Nicklas, Esquire (Attorney Nicklas), an attorney who reviewed certain CYS records for Appellant, that the foster mothers would call in and ask for more children to be placed with them and

requested the financial assistance that came with such placement. Appellant's Brief at 37-38. Attorney Nicklas testified that the foster mothers asked for the placement of more children and the subsidies for the foster children. N.T., 5/7/12, at 26. According to Attorney Nicklas, the foster mothers' requests were refused. ***Id.***

Appellant's argument is that the foster mothers had a financial incentive "to interrogate and encourage the victims to explain that Appellant was molesting them" and this is evidence of taint. Appellant's Brief at 38. However, Attorney Nicklas's testimony merely established that the foster mothers asked for additional foster children and the subsidies that would come with said additional children. Without asserting any evidentiary nexus between the foster mothers' requests and their alleged financial motive, Appellant attempts to impute monetary gain as the specific reason for their requests to the agency. In our view, Attorney Nicklas's testimony does not establish that the foster mothers' ever conducted any interrogations of any of the children. Accordingly, based on the totality of the circumstances presented in this case, we conclude Appellant would not have met his burden to warrant a taint hearing. It is axiomatic that counsel cannot be ineffective for failing to raise a meritless issue. ***Fears***, ***supra*** at 804. Therefore, we conclude that Appellant has failed to carry his burden to show that this claim has arguable merit.

Based on the foregoing, we conclude all of Appellant's issues on appeal are devoid of merit. Accordingly, the PCRA court's April 29, 2015 order is affirmed.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/18/2016