J-S24007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DEVON LAMONT CASHAW | |
| Appellant | No. 521 WDA 2016 |

Appeal from the Judgment of Sentence March 24, 2016
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000593-2014

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DEVON LAMONT CASHAW | |
| Appellant | No. 522 WDA 2016 |

Appeal from the Judgment of Sentence March 24, 2016
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000596-2014

BEFORE:  PANELLA, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 05, 2017**

---

[*] Former Justice specially assigned to the Superior Court.

Appellant, Devon Lamont Cashaw, appeals from the judgment of sentence entered on March 24, 2016, in the Court of Common Pleas of Cambria County. We affirm.[1]

At docket number 593-2014 Cashaw was charged with various offenses stemming from his alleged physical and sexual abuse of his biological son, D.C., born in August 2004. The abuse was alleged to have occurred between January 1, 2005, and March 31, 2007. At docket number 596-2014 Cashaw was charged with a slew of offenses stemming from his

_____

[1] We did not permit the Commonwealth to file a brief in this appeal. It merits a brief explanation why.

On January 9, 2017, two days before the Commonwealth's brief was due, Scott M. Lilly, Esquire, Chief Deputy of the Appellate Division of the Cambria County District Attorney's Office, filed a "First Application for Extension of Time in Which to File Brief" that was granted by an order entered that same day. The order set the brief's due date for February 27, 2017. That day came and went without the filing of the brief or, indeed, any filing from the Commonwealth. *Forty-five days later*, on April 13, 2017, Attorney Lilly filed another motion on behalf of the Commonwealth, entitled "Second Application for Extension of Time in Which to File Brief," requesting an additional period of 45 days to file a brief. We refused, finding "[t]he 45-day period of the Commonwealth's quiescence" to be "simply unacceptable." Order, filed 4/18/17.

Forty-five days from April 13, 2007, is a Sunday. Therefore, if we had granted Attorney Lilly's request, the Commonwealth's brief would have been due on May 29, 2017—138 days from the original due date of January 11, 2017.

As our disposition of Cashaw's arguments on appeal in this memorandum demonstrates, 138 days to draft an appellee's brief in this case is, frankly, absurd.

alleged physical and sexual abuse of his biological daughter, C.C., born in May 2003. The abuse was alleged to have occurred between January 1, 2005, and March 31, 2007. The two cases were consolidated for trial. (The children's mother was also charged with offenses stemming from the abuse of the children and was a co-defendant of Cashaw's at trial.)[2]

After a four-day trial, a jury convicted Cashaw at 593-2014 of endangering the welfare of a child. At docket number 596-2014, the jury convicted him of two counts of aggravated indecent assault, two counts of indecent assault, one count of corruption of minors, and one count of endangering the welfare of a child. The trial court later sentenced Cashaw to an aggregate period of imprisonment of eight to seventeen years. This timely appeal follows.

Cashaw first argues that the trial court failed to grant a mistrial. "A motion for a mistrial is within the discretion of the trial court." *Commonwealth v. Hudson*, 955 A.2d 1031, 1034 (Pa. Super. 2008) (citation omitted).

In his brief, Cashaw sets forth the testimony that he argues necessitates a mistrial. *See* Appellant's Brief, at 15-16 (unnumbered).[3] *See*

---

[2] By the time of trial, the children had a different last name. We utilize the letter "C" for their surname as do Cashaw and the trial court.

[3] Oddly, the pages of Cashaw's brief are unnumbered. For ease of reference, we count the cover page as page one and count upwards from there.

*also* N.T., Trial, 12/4/15, at 73, lines 8-22. What precludes Cashaw relief on this claim is that he failed to move for a mistrial during the testimony or immediately thereafter. **See** Pa.R.Crim.P. 605(B) ("the motion [for a mistrial] shall be made when the event is disclosed"). He lodged no objection to the testimony whatsoever during its recitation or in its immediate aftermath. **See**, **e.g.**, **Commonwealth v. Montalvo**, 641 A.2d 1176, 1184 (Pa. Super. 1994) ("In order to preserve an issue for review, a party must make a timely and specific objection at trial.")

Cashaw does not provide this information in his brief, **see** Pa.R.A.P. 2119(e), but, according to the trial court, Cashaw moved for a mistrial *four days after* its occurrence—after the Commonwealth completed its case-in-chief. **See** Trial Court Opinion, 6/16/16, at 4. That is clearly not a timely motion and is in direct violation of Rule 605(B). The blatantly untimely request defeats Cashaw's claim. The trial court did not abuse its discretion in denying the tardy motion for a mistrial.

In his second issue on appeal, Cashaw claims that the trial court erred in permitting the Commonwealth's expert witness, Regina Kupchella, M.D., to testify "that the cause of any loss of hymen was—in her expert medical opinion—deep vaginal penetration *caused by the defendant*[.]" Appellant's Brief, at 9 (emphasis added). The problem with Cashaw's argument, however, is that Dr. Kupchella never testified that Cashaw, through deep vaginal penetration, caused any loss of the hymen. **See** N.T., Trial, 12/7/15, at 212-254. Not only was there no such testimony, but, as the trial court

explains, "[s]uch testimony would have clearly been beyond the doctor's expertise and outside of her ability to testify as an expert." Trial Court Opinion, 6/16/16/, at 6. This issue has no merit.

Cashaw next argues that the children lacked the competency to testify and therefore the trial court erred in denying his motion to exclude their testimony. We disagree.

"Our standard of review recognizes that a child's competency to testify is a threshold legal issue that a trial court must decide, and an appellate court will not disturb its determination absent an abuse of discretion. Our scope of review is plenary." *Commonwealth v. Pena*, 31 A.3d 704, 706-707 (Pa. Super. 2011) (citations, quotation marks, brackets, and emphasis omitted).

The general rule in Pennsylvania is that every person is presumed competent to be a witness. *See Commonwealth v. Delbridge*, 855 A.2d 27, 39 (Pa. 2003) (citing Pa.R.E., 601(a)). "Despite the general presumption of competency, Pennsylvania presently requires an examination of child witnesses for competency." *Id*. (citation omitted). When a child's competency is at issue three elements must be met for the witness to be considered competent:

> There must be (1) such capacity to communicate, including as it does both an ability to understand questions and to frame and express intelligent answers, (2) mental capacity to observe the occurrence itself and the capacity of remembering what it is that she is called to testify about and (3) a consciousness of the duty to speak the truth.

*Id*., at 39 (citation and emphasis omitted).

Here, of the three-part test, Cashaw concedes two of the elements: the second and third. The second prong of the test is what our Supreme Court has called "taint." *Id*., at 40. Cashew notes that "[a]t the hearing on said [m]otion [to exclude the children's testimony] Appellant conceded that he would be unable to meet his burden in regards to the taint claim." Appellant's Brief, at 20. "Appellant [also] concedes the last prong for competency determination—that the children have the capacity to appreciate the duty to tell the truth." *Id*.[4]

That leaves only the first prong—whether the children have "such capacity to communicate, including as it does both an ability to understand questions and to frame and express intelligent answers." The trial court conducted the competency hearing on September 9, 2015. At that time, D.C. was eleven years old and C.C. was twelve years old. The trial court found the children possessed "the capacity to communicate and an ability to understand questions and to frame and express intelligent answers." Trial Court Opinion, 9/28/15, at 6. A review of the transcript from the competency hearing reveals that the trial court's conclusion is amply supported by the testimony of the children. *See* N.T., Competency Hearing,

_____

[4] Despite the concession, Cashaw still advances an argument on the second prong. We take his admitted concession at the competency hearing as conclusive of his intent to abandon any challenge to that prong. Once abandoned below it cannot be resurrected on direct appeal.

9/9/15, at 3-12, 63-75, 106-109. The trial court committed no abuse of discretion in finding that the children met the first prong of the three-part test set forth above.

In his final issue on appeal, Cashaw argues that the Commonwealth presented insufficient evidence to sustain his conviction for endangering the welfare of a child. That offense requires an offender to knowingly violate "a duty of care, protection or support." 18 Pa.C.S.A. § 4304(a)(1). According to Cashaw, "there was no testimony or evidence presented at trial that proved Appellant violated a duty of care, protection, or support by ever touching or sexually abusing D.C." Appellant's Brief, at 24.

It is true that D.C. testified that Cashaw "really didn't do anything sexual to me." N.T., Trial, 12/7/15, at 37. But D.C. also testified that Cashaw was in the same room when D.C.'s mother had sex with him, **see id**., at 30; that Cashaw and C.C. had sex in front of him, **see id**., at 31; that Cashaw forced him to drink beer, **see id**., at 39; and that Cashaw had sex with D.C.'s mother in front of him, **see id**., at 45-47. Cashaw's contention that the Commonwealth presented insufficient evidence is patently frivolous.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

- 7 -

Date: 5/5/2017