J-S10033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDREW P. GLUSHKO | |
| Appellant | No. 2387 EDA 2016 |

Appeal from the Order Entered May 10, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001053-2015

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

JUDGMENT ORDER BY SOLANO, J.:                **FILED MAY 12, 2017**

Appellant, Andrew P. Glushko, appeals *pro se* from the trial court's order of May 10, 2016, which ordered that his *pro se* motions be forwarded to his counsel of record. We quash the appeal.

On November 5, 2015, Appellant pleaded guilty to failing to register as a sexual offender with the Pennsylvania State Police.[1] The court sentenced him on January 12, 2016, to 2-4 years' incarceration. He did not file a direct appeal. On February 19, 2016, Appellant filed a motion for return of property and a "motion to be present through video." He also filed a motion to proceed *pro se*. On May 10, 2016, the court issued an order directing that these three motions be forwarded to plea counsel, pursuant to

_____

[1] 18 Pa.C.S. § 4915.1(a)(3).

Pa.R.Crim.P. 576(a)(4).[2]  Subsequently, counsel filed a petition to withdraw, which the court granted on July 5, 2016.

On July 27, 2016, Appellant, acting *pro se*, filed a notice of appeal and a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).  In the notice of appeal, Appellant stated that he was appealing "from the order entered on May 10, 2016," and he attached a copy of said order.

On September 16, 2016, this Court issued a rule to show cause asking Appellant to explain, within ten days of the date of the order, why the appeal should not be quashed as untimely.  On September 21, 2016, Appellant filed a response.  The Court did not discharge the rule to show cause order, and deferred the jurisdictional issue to this panel.

On October 18, 2016, Appellant filed a brief to this Court, and, pursuant to the requirements of Pa.R.A.P. 2115, he stated that he was appealing "Order, 5/10/16, p. A6."  Page A6 of the brief is a copy of the order of May 10, 2016.

---

[2] Pa.R.Crim.P. 576(a)(4) states:

> In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file.  A copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt.

We quash Appellant's appeal for two reasons. First, under Pa.R.A.P. 903, an appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." The 30-day requirement is jurisdictional. *Commonwealth v. Pena*, 31 A.3d 704, 706 (Pa. Super. 2011). Appellant thus had until June 9, 2016, to file an appeal from the order of May 10, 2016. As Appellant did not file his notice of appeal until July 27, 2016, his appeal is untimely.

Second, the order of May 10, 2016, was interlocutory, as it merely ordered the clerk of courts to comply with Rule 576 by forwarding copies of Appellant's motions to his counsel. The court's order did not dispose of the substance of Appellant's motions, and, consequently, was not a final order. *See* Pa.R.A.P. 341(a) ("an appeal may be taken as of right from any final order of a government unit or trial court"), 341(b)(1) (defining a "final order" as "any order that disposes of all claims and of all parties"). Nor was the order one from which an interlocutory appeal could be taken as of right. *See generally* Pa.R.A.P. 311. This Court therefore is without jurisdiction to hear Appellant's appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/12/2017