J-A02025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: THE ADOPTION OF: A.A., A MINOR CHILD | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: M.C., NATURAL MOTHER | : : : : : : | |
| | : | No. 1372 WDA 2019 |

Appeal from the Order Entered May 3, 2019
In the Court of Common Pleas of Washington County Orphans' Court at
No(s):  No. 63-018-1275

BEFORE:  SHOGAN, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 14, 2020**

Appellant, M.C. ("Mother"), appeals from the order entered on May 3, 2019, terminating her parental rights to her minor child, A.A. ("Child").  Upon review, we are constrained to quash this appeal.

The record reveals the following chronology of events.  On October 22, 2018, J.A. ("Father") and his wife, N.A. ("Adoptive Mother"), filed a petition for involuntary termination of Mother's parental rights and a report of intention to adopt.  The initial termination hearing took place on March 25 and 26, 2019. "On March 26, 2019, following a full day of testimony, the [trial] court scheduled two additional hearings for April 26 and 30, 2019 to hear further testimony."  Trial Court Opinion, 9/21/19, at 5.  Ultimately, on May 3, 2019, the trial court entered an order terminating Mother's parental rights.  Trial Court Order, 5/3/19, at 1-2.

On that same day, Mother filed a motion for reconsideration, a request for an extension of time to file an appeal, and a request to appoint new counsel. On May 8, 2019, the trial court denied Mother's motion for reconsideration, but granted her request for an extension of time to file an appeal and to appoint new counsel. Trial Court Order, 5/8/19, at 1. New counsel was appointed on June 20, 2019, and "was given until July 20, 2019 to perfect the appeal." Trial Court Opinion, 9/21/19, at 5. On July 31, 2019, the trial court granted Mother another "extension" of time to file an appeal. *Id*. Mother filed a notice of appeal on September 5, 2019,[1] more than 120 days from the entry of the final order challenged on appeal.

Before reaching the merits of Mother's claim, we must address the timeliness of this appeal. Timeliness of an appeal concerns our appellate jurisdiction, which we may raise *sua sponte*. **Commonwealth v. Andre**, 17 A.3d 951, 957–958 (Pa. Super. 2011). A notice of appeal must be "filed within 30 days after entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "Trial courts . . . do not have the jurisdiction or power to extend or obviate the time in which an appeal may be lodged in [] appellate courts." **Reading Anthracite Co. v. Rich**, 577 A.2d 881, 886 (Pa. 1990); **see also Commonwealth v. Pena**, 31 A.3d 704, 706 (Pa. Super. 2011) (explaining that, because this filing period is jurisdictional in nature, it must be strictly construed and "may not be extended as a matter of indulgence or grace").

---

[1] Mother also included a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i).

Herein, on May 3, 2019, Mother filed a request for an extension of time to file an appeal. The trial court granted Mother's request and then provided two additional "extensions," noting that counsel "was still waiting on transcripts." Trial Court Opinion, 9/21/19, at 5. The trial court, however, erred in granting the extension requests as it lacked the power to extend the time for Mother to file her notice of appeal.[2] **See Reading Anthracite Co.**, 577 A.2d at 886. Because Mother did not file her notice of appeal until September 5, 2019, 125 days after entry of the May 3, 2019 order and 94 days after the time for filing a notice of appeal passed, her appeal is manifestly untimely. **See** 1 Pa.C.S.A. § 1908. We therefore lack jurisdiction and are precluded from addressing the merits of Mother's claim. Accordingly, we quash this appeal.

Appeal quashed.

---

[2] In a children's fast track appeal such as this, the concise statement of errors complained of on appeal ("concise statement") must be filed and served with the notice of appeal. Pa.R.A.P. 1925(a)(2)(i). Upon receipt of the notice of appeal and the concise statement, if the reasons for the order on appeal do not already appear of record, the trial court shall within 30 days file "a brief opinion of the reasons for the order, or for the rulings or other errors complained of, which may, but need not, refer to the transcript of the proceedings". Pa.R.A.P. 1925(a)(2)(ii). If a transcript is necessary to develop the concise statement, an appellant may file an application with the trial court requesting permission to file an amended or supplemental concise statement once the transcript is obtained. Pa.R.A.P. 1925(b)(2). In light of these rules, counsel for Appellant erred in requesting, and the trial court erred in granting, extensions of time to file the notice of appeal and the concise statement. Instead, Appellant was required to file the notice of appeal and concise statement within 30 days of the entry of the termination order. Once the appeal was perfected, Appellant could have requested, and the trial court could have granted, additional time to supplement the concise statement once the transcript was obtained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/14/2020</u>