J-S33004-21

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ALLEN | : | |
| | : | |
| Appellant | : | No. 542 EDA 2021 |

Appeal from the PCRA Order Entered January 21, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003272-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ALLEN | : | |
| | : | |
| Appellant | : | No. 543 EDA 2021 |

Appeal from the PCRA Order Entered January 21, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007389-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ALLEN | : | |
| | : | |
| Appellant | : | No. 544 EDA 2021 |

Appeal from the PCRA Order Entered January 21, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008821-2012

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                               :            PENNSYLVANIA
                               :
           v.                       :
                               :
                               :
MICHAEL ALLEN                 :
                               :
           Appellant            :       No. 545 EDA 2021

Appeal from the PCRA Order Entered January 21, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010494-2013

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:          **FILED NOVEMBER 19, 2021**

Michael Allen appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA") in the four above-captioned cases.  We quash the appeals as untimely.

Given our disposition, an extensive examination of the history of these cases is not necessary.  Pertinent to this appeal, we observe that Appellant filed a timely, counseled PCRA petition in the four cases for which he is serving an aggregate term of thirty-five to seventy years of incarceration in relation to a string of robberies and other crimes.  After issuing notice of its intent to do so pursuant to Pa.R.Crim.P. 907, the PCRA court filed an order on January 21, 2021, dismissing Appellant's PCRA petition and advising him of his appellate rights.  The dockets and the certified records for each case reflect that the order was served on that same date pursuant to Pa.R.Crim.P. 114.  Accordingly, the last day for filing a timely notice of appeal was Monday,

February 22, 2021. *See* Pa.R.A.P. 903(a) (establishing that a notice of appeal must be filed within thirty days of the date of entry of the order from which the appeal is taken); 1 Pa.C.S. § 1908 (providing that weekends and holidays are omitted from a time period calculation when the last day falls on such a day).

The next docket entry in each case is a notice of appeal, dated February 19, 2021, which was received and docketed on March 12, 2021. As such, this Court issued rules to show cause why the appeals should not be quashed as untimely filed. Appellant's counsel responded: (1) explaining that she mailed the notices of appeal on February 19, 2021, via First Class Mail; (2) citing a news article documenting the backlogs and delays the Post Office was experiencing at the time; (3) representing that when the prothonotary called her on February 26, 2021, to advise that she had to pay additional filing fees, no mention was made about the appeals being late; and (4) indicating that counsel paid the additional fees, which she believed "should relate back to Appellant's initial filing." *See* Response to Rule to Show Cause, 5/10/21, at 1-2. Counsel also professed that she is a solo practitioner and has limited experience in Pennsylvania state court, as most of her practice is in federal court. *Id*. at 2. This Court discharged the rules and ordered that the issue was to be decided by the merits panel.

It is well-settled that the "[t]imeliness of an appeal is a jurisdictional question. When a statute fixes the time within which an appeal may be taken,

the time may not be extended as a matter of indulgence or grace." ***Commonwealth v. Pena***, 31 A.3d 704, 706 (Pa.Super. 2011). "Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal." ***Commonwealth v. Williams***, 106 A.3d 583, 587 (Pa. 2014).

Our rules also provide that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal[.]" Pa.R.A.P. 902. Accordingly, Appellant's counsel is correct that late payment of filing fees does not impact the timeliness of the appeal itself. ***See***, ***e.g., First Union Nat. Bank v. F.A. Realty Inv'rs Corp.***, 812 A.2d 719, 723 (Pa.Super. 2002) ("[T]he perfection of the appeal does not depend in any way on the payment of the filing fee."). However, the delay in payment of the filing fees is not the issue here.

Except when the appellant is incarcerated and proceeding *pro se*,[1] a notice of appeal is filed when it is received by the clerk of courts, not when it is deposited in the mail. ***See*** Pa.R.A.P. 905(a)(3) ("Upon receipt of the notice of appeal, the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket."); ***McKeown v. Bailey***, 731 A.2d 628, 630

---

[1] In such cases, "[t]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." ***Commonwealth v. DiClaudio***, 210 A.3d 1070, 1074 (Pa.Super. 2019).

- 4 -

(Pa.Super. 1999) (explaining that notices of appeal are not "filed" until they are received by the prothonotary).  The fact that counsel was unaware of her duty to ensure receipt of the notice of appeal before the deadline does not grant this Court authority to overlook the jurisdictional defect.  **See Pena**, **supra** at 706.

Therefore, we are constrained to quash these untimely appeals for lack of jurisdiction.

Appeals quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2021