J-S25023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY BELCHER | |
| Appellant | No. 1177 WDA 2015 |

Appeal from the Order June 17, 2015
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-MD-7000262-1989

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                      **FILED MAY 06, 2016**

Appellant, Anthony Belcher, appeals from the June 17, 2015 order denying, his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Contemporaneous with this appeal, Appellant's counsel has filed with this Court a petition to withdraw, together with an **Anders**[1] brief, averring the appeal is frivolous.  After careful review, we quash this appeal and dismiss counsel's petition to withdraw.

---

[1] **Anders v. California**, 386 U.S. 738 (1967).  Although counsel has submitted an **Anders** brief to this Court, we note that in the PCRA context, counsel should have filed a no-merit letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny. **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.1 (Pa. Super. 2011). However, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter." **Id.** (citation omitted).

We summarize the procedural history of this case as follows. On February 27, 1990, the trial court sentenced Appellant to an aggregate sentence of 11¼ to 40 years' imprisonment, imposed after he was found guilty of one count each of kidnapping and involuntary deviate sexual intercourse.[2] Appellant filed a timely notice of appeal, which this Court quashed on January 26, 1991. *Commonwealth v. Belcher*, 823 Pittsburgh 1990 (Pa. Super. 1991) (unpublished memorandum), *appeal denied*, 592 A.2d 1296 (Pa. 1991). Our Supreme Court denied Appellant's petition for allowance of appeal on June 10, 1991. Appellant did not seek a writ of *certiorari* from the United States Supreme Court.

On May 1, 2015, Appellant filed a "Petition to Vacate An Illegal Sentence [and] Writ of *Habeas Corpus*."[3] The PCRA court treated the same as Appellant's first PCRA petition and appointed counsel. According to the PCRA court, it held hearings on June 16 and 17, 2015.[4] On June 17, 2015, the PCRA court entered an order denying Appellant's PCRA petition. The

---

[2] 18 Pa.C.S.A. §§ 2901(a)(2) and 3123(a)(5), respectively.

[3] Although Appellant's petition is file-stamped May 4, 2015, we note that the certified record contains the envelope Appellant used for mailing, which shows a postmark of May 1, 2015. Under the prisoner mailbox rule, "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." *Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted), *appeal denied*, 46 A.3d 715 (Pa. 2012). As a result, we deem Appellant's petition filed on May 1, 2015.

[4] The certified record does not contain transcripts of these proceedings.

order contains a handwritten notation from the PCRA clerk of courts that said order was mailed that same day. On July 20, 2015, Appellant filed a *pro se* notice of appeal.[5] Counsel filed an ***Anders*** brief along with a petition to withdraw on December 22, 2015.

In said ***Anders*** brief, counsel raises the following issue on Appellant's behalf.

> I.     Whether the court below erred by finding that there were no cognizable issues in [Appellant]'s petition and whether there are any issues of arguable merit that could be raised on appeal to this Court[?]

***Anders*** Brief at 4.

Before we may address counsel's petition to withdraw and the issue raised in counsel's ***Anders*** brief, we must first consider whether we have appellate jurisdiction to consider the same. Although no party has addressed our jurisdiction, we are empowered to raise this issue *sua sponte*. ***Commonwealth v. Gaines***, 127 A.3d 15, 17 (Pa. Super. 2015) (*en banc*) (plurality).

> In order to invoke our appellate jurisdiction, Pennsylvania Rule of Appellate Procedure 903 requires that all "notice[s] of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Because this filing period is jurisdictional in nature, it

---

[5] Although Appellant's notice of appeal is file-stamped July 22, 2015, the envelope used for mailing is postmarked July 20, 2015. ***See Chambers***, ***supra***.

- 3 -

must be strictly construed and "may not be extended as a matter of indulgence or grace." ***Commonwealth v. Pena***, 31 A.3d 704, 706 (Pa. Super. 2011) (citation omitted).

***Id.***

In this case, the PCRA court entered its final order on June 17, 2015, and the PCRA court mailed said order that same day. ***See*** Pa.R.A.P. 108(a)(1) (stating, "in computing any period of time under these rules involving the date of entry of an order by a court or other government unit, the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties …[]"). As a result, Appellant's notice of appeal was due Friday, July 17, 2015. Appellant's notice of appeal was not filed until Monday, July 20, 2015, even granting him the benefit of the prisoner mailbox rule. Therefore, Appellant's notice of appeal was untimely, as it was not filed with the 30-day period proscribed by Rule 903(a).

Based on the foregoing, we conclude Appellant's notice of appeal was untimely filed. Accordingly, we are without jurisdiction, and quash this appeal. Furthermore, in light of our disposition, counsel's petition to withdraw and Appellant's Application to Amend his *pro se* response to the same are dismissed.

Appeal quashed. Petition to withdraw as counsel dismissed. Application to amend dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/6/2016