J-S37028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEROME BURNAM, | |
| Appellant | No. 1544 WDA 2015 |

Appeal from the PCRA Order February 24, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0001399-1989,
CP-02-CR-0013518-1988

BEFORE:  GANTMAN, P.J., SHOGAN and LAZARUS, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 14, 2016**

Jerome Burnam ("Appellant") appeals *pro se* from the order dismissing his "Petition for Writ of Habeas Corpus ad Subjiciendum," which we treat as an untimely petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546.[1]  We quash.

On appeal from the order dismissing Appellant's previous PCRA petition, a panel of this Court provided the following summary:

> Appellant brutally stabbed a 68 year old woman to death in order to rob her apartment. Before succumbing to more than

_____

[1]  Appellant purports to appeal from the PCRA court's January 21, 2015 notice of intent to dismiss his petition.  However, the PCRA court actually dismissed the petition as untimely by an order filed on February 24, 2015. We have amended the caption accordingly.

eight stab wounds, the victim wrote [Appellant's] name in blood on a bed sheet, and verbally identified him as her attacker.

[Appellant] pleaded guilty to second degree murder and robbery and was sentenced to a mandatory term of life imprisonment on June 29, 1989, but that sentence was later vacated by the Superior Court and the case was remanded for a new trial. [Appellant] then pleaded guilty to the general charge of criminal homicide with the court to determine the degree of guilt, and waived his right to a jury trial on the robbery charge. He was subsequently found guilty of first degree murder and robbery, and sentenced to death. Following the filing of numerous post trial motions, which were properly treated as requests for relief under the PCRA, [Appellant's] death sentence was subsequently vacated, but all other relief was denied. On December 7, 1998, [Appellant] was again sentenced to life imprisonment.

On November 15, 1999, [Appellant] requested the right to appeal *nunc pro tunc*. The Commonwealth did not oppose reinstatement of appellate rights, but noted that the petition should be considered a PCRA petition. [Appellant] was granted permission to appeal, and in addressing the matter the Superior Court noted that instead of hearing the merits of [Appellant's] request to appeal *nunc pro tunc*, the trial court should have treated the pleading as an untimely second PCRA petition. Despite this procedural irregularity, the Superior Court nevertheless affirmed [Appellant's] sentence.

[Appellant] then filed a third request for PCRA relief, which was denied via order filed June 23, 2005, and that denial was affirmed on direct appeal. A petition for writ of habeas corpus was subsequently filed and denied, its denial was affirmed on direct appeal, and the Pennsylvania Supreme Court denied review.

. . . [Appellant's] fourth PCRA petition was filed *pro se* on March 8, 2012. Following the filing of a Notice of Intention to Dismiss on April 9, 2012, the petition was denied on June 1, 2012. [Appellant] appealed to this Court, and was directed to file a Pa.R.A.P. 1925(b) Statement via order dated, filed and docketed on October 26, 2012, and served on [Appellant] by certified mail, return receipt requested on October 30, 2012. Thus, in order to be timely filed, [Appellant] needed to mail his 1925(b)

Statement by Friday, November 16, 2012. No statement was received by the lower court, however, and on December 31, 2012, the lower court noted its absence and ordered the certified record to be transmitted to the Superior Court.

On January 11, 2013, a document was filed with the lower court titled "Resubmit – Concise Statement of Matters Complained of on Appeal Pursuant to Rule 1925(b)." Although the document is accompanied by a "Proof of Service" page asserting that it was served on the Criminal Division, Department of Court Records, Allegheny County, on November 18, 2012," the certified record and docket sheet do not reflect such service. We also note that the proof of service page states only that the 1925(b) Statement was served on the Criminal Division of the Department of Court records, and makes no mention that [Appellant] complied with the requirement that the statement also be served on the trial judge pursuant to Pa.R.A.P. 1925(b)(1). In light of the fact that a timely Rule 1925(b) statement was not received prior to the transferal of the certified record from the lower court, no responsive Rule 1925(a) Opinion was filed by the trial judge.

*Commonwealth v. Burnam*, 82 A.3d 1064, 1019 WDA 2012 (Pa. Super. filed July 12, 2013) (unpublished memorandum at 1–4) (footnotes omitted).

The panel concluded that Appellant's failure to file a timely Rule 1925(b) statement "resulted in waiver of any claims he wished to raise on appeal." *Burnam*, 1019 WDA 2012 (unpublished memorandum at 6). In *dicta*, however, the panel further concluded that Appellant's petition was untimely and, therefore, the PCRA court did not err in dismissing it. *Id.* at 7. Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied. *Commonwealth v. Burnam*, 382 WAL 2013, 81 A.3d 74 (Pa. 2013).

Appellant filed the instant petition on December 23, 2014, under the title, "Petition for Writ of Habeas Corpus ad Subjiciendum" (the "December 2014 Petition") (Docket Entry 130). Treating the December 2014 Petition as a PCRA petition, the PCRA court sent a notice of intent to dismiss on January 21, 2015, to which Appellant filed objections and an addendum in February of 2015 (Docket Entries 131, 132, 133). The PCRA court denied relief on February 24, 2015 (Docket Entry 134). Appellant filed his appeal on September 25, 2015, and the PCRA court filed an opinion on December 22, 2015 (Docket Entries 135, 141).

Appellant raises the following questions for our consideration:

I       WAS RELATOR'S DUE PROCESS RIGHTS TO HABEAS CORPUS DENIED, TO REDRESS INABILITY TO REVIEW THE RECORD, TRANSCRIPTS, AND RE-SENTENCE COURT'S RATIONALE OR OPINION FOR DECISION TO IMPOSE LIFE SENTENCE; TO PROVE THE RESPONDENT BREACHED PLEDGE FOR PLEA AGREEMENT SENTENCE "TO SOMETHING LESS THAN SECOND DEGREE MURDER?"

II      DID THE RELATOR FILE AN APPEAL TIMELY, WITHIN THIRTY DAYS, ONCE INFORMED A BREAKDOWN IN THE JUDICIAL PROCESS OCCURRED BECAUSE THE CLERK OF COURT OFFICE DID NOT MAIL HIM A COPY OR WARN ABOUT DATE OF THE COURT'S FINAL ORDER?

Appellant's Brief at 4.

Initially, we reiterate that a notice of appeal must be filed within thirty days of the order from which the appeal is taken. Pa.R.A.P. 903(a). Here, the PCRA court entered an order dismissing the December 2014 Petition as

- 4 -

untimely on February 24, 2015. Appellant filed his notice of appeal on September 25, 2015, more than six months late.

We note, however, that while the appeal before us was pending, Appellant filed another PCRA petition which was docketed on October 28, 2015 (the "October 2015 petition") (Docket Entry 137). Therein, Appellant claimed that he did not receive notice of the order dismissing the December 2014 Petition and alleged that a breakdown in the court caused his notice of appeal to be untimely. PCRA Petition, 10/25/16, at ¶ 6(A), (B), (C). Attached to the October 2015 petition was documentation supporting Appellant's defense. *Id.* at Exhibits B:1-2, B:2-2. Nevertheless, the PCRA court issued a notice of intent to dismiss the October 2015 petition on November 16, 2015 (Docket Entry 138). In response, Appellant filed objections (Docket Entry 140). No further action regarding the October 2015 petition appears on the certified docket.

Upon review, we conclude that Appellant's appeal from the February 24, 2015 order is untimely, and we reject Appellant's attempt to salvage this appeal by alleging a breakdown in the court. The February 24, 2015 order and the certified docket indicate that a copy of the order was mailed to Appellant at his place of confinement. Order, 2/24/15 (Docket Entry 134). Appellant inquired as to the status of the December 2014 Petition in August of 2015 and first raised his court-breakdown claim and supporting documentation in the October 2015 petition which is not presently before us.

Thus, we lack jurisdiction to review this untimely appeal.[2]  ***See***

***Commonwealth v. Pena***, 31 A.3d 704, 706 (Pa. Super. 2011) ("In order to

_____

[2]  Assuming *arguendo* that a breakdown in the court excused this untimely appeal, we would conclude that Appellant was not entitled to relief. Appellant first argues that the December 2014 petition should have been treated as a writ of *habeas corpus*. Appellant's Brief at 14. We disagree.

Appellant's December 2014 petition challenged the legality of his sentence premised on the trial court's failure to provide a written opinion for the sentence of life in prison and on an unlawfully induced plea. Appellant's Brief at 17–20, 24–26. Such claims are only cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2)(iii), (vii). Thus, we would conclude that the PCRA court did not err in treating the December 2014 petition as a PCRA petition. ***See Commonwealth v. Taylor***, 65 A.3d 462, 465-466 (Pa. Super. 2013) (stating that issues cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition).

Appellant also argues that the PCRA court erred in dismissing the December 2014 petition as untimely. Appellant's Brief at 27. Again, we disagree. The PCRA time-bar is jurisdictional in nature. ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). Appellant's judgment of sentence became final on February 22, 2004, thirty days after this Court affirmed the life sentence on January 23, 2004. 42 Pa.C.S § 9545(b)(3). Therefore, Appellant had until February 22, 2005, to file a PCRA petition, including a second or serial petition. 42 Pa.C.S. § 9545(b)(1). Although Appellant is correct that legality-of-sentence claims cannot be waived, they are, nonetheless, subject to the time restrictions of the PCRA. ***Fahy***, 737 A.2d at 223 ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."). Appellant did not file the instant petition until December 23, 2014. Thus, the December 2014 Petition is patently untimely. ***Accord Fahy*** ("[W]hile the court would consider a timely petition under the [miscarriage of justice] standard, the court has no jurisdiction to address an untimely petition.").

Appellant attempts to invoke the exception found in 42 Pa.C.S. § 9545(b)(1)(ii) by offering that his claim is based on facts which were unknown to him and could not have been ascertained through the exercise of due diligence. Appellant's Brief at 36. However, as the Commonwealth
*(Footnote Continued Next Page)*

invoke our appellate jurisdiction, Pennsylvania Rule of Appellate Procedure 903 requires that all "notice[s] of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Because this filing period is jurisdictional in nature, it must be strictly construed and "may not be extended as a matter of indulgence or grace.") (citation omitted).

Appeal quashed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2016

_(Footnote Continued)_ —————————————

points out—and the record confirms—Appellant "cites no _facts_ which were revealed to him between the time of his last PCRA appeal, docketed at No. 1019 WDA 2012 and resolved by the denial of his petition for allowance of appeal on December 4, 2013, and the filing of the instant petition on December 23, 2014." Commonwealth's Brief at 22 (underlining in original). Thus, we would conclude that Appellant failed to overcome the statutory one-year time limit.