J-S24039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DEAN LEROY CUSTER | : | |
| | : | |
| Appellant | : | No. 1663 WDA 2016 |

Appeal from the PCRA Order October 18, 2016
In the Court of Common Pleas of Mercer County
Criminal Division at No(s):  CP-43-CR-0001279-2003

BEFORE:   PANELLA, J., STABILE, J., and STEVENS, P.J.E[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED APRIL 17, 2017**

Appellant Dean Leroy Custer appeals from the order of the Court of Common Pleas of Mercer County dismissing Appellant's petition pursuant to the Post Conviction Relief Act ("PCRA")[1] as untimely filed.   We affirm.

On May 12, 2004, Appellant was convicted of numerous counts of rape, involuntary deviate sexual intercourse (IDSI), and other related sexual assault charges.  On October 28, 2004, Appellant was sentenced to thirty to sixty years' imprisonment to be followed by sixty years' probation.  This Court affirmed the judgment of sentence and our state Supreme Court denied Appellant's petition for allowance of appeal on September 12, 2006.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Appellant's first two PCRA petitions were ultimately denied and do not have any relevance to the case before this Court. On June 2, 2016, Appellant filed the instant PCRA petition, which is his third attempt to obtain collateral relief. The PCRA court appointed counsel, who filed a petition to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988). On August 19, 2016, the PCRA court notified Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907, permitted counsel to withdraw, and informed Appellant that he could proceed *pro se* or retain private counsel.

On August 22, 2016, Appellant filed a request for a competency hearing as he alleged that he was "not competent and/or legally qualified, lacking sufficient knowledge, skills to represent him-self *pro se*." Application, 8/22/16, at 2. On August 23, 2016, the PCRA court denied Appellant's request for a competency hearing. On August 31, 2016, Appellant filed a *pro se* "Amended Petition," claiming that he received an illegal sentence pursuant to the principles announced in **Alleyne v. U.S.**, ___U.S.___, 133 S.Ct. 2151 (2013).

On September 7, 2016, the PCRA court denied Appellant's petition. In its order, the PCRA court indicated that Appellant's "Amended Petition" did not provide a substantive response to its notice of intent to dismiss as the principles set forth in **Alleyne** were inapplicable to Appellant's sentence. The order clearly stated that Appellant had "the right to appeal this decision within thirty (30) days from the date of this Order pursuant to Pa.R.A.P. Rule

- 2 -

903." Order, 9/7/16, at 3. The docket indicates that the order was sent to Appellant on September 7, 2016. Appellant filed a notice of appeal that was self-dated October 8, 2016 and docketed October 13, 2016.

As an initial matter, we must determine whether we have jurisdiction over this appeal. Pennsylvania Rule of Appellate Procedure 903 requires that all "notice[s] of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "When a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace." *Commonwealth v. Pena*, 31 A.3d 704, 706 (Pa.Super. 2011). Our courts apply the "prisoner mailbox rule" to *pro se* appeals filed by incarcerated defendants in which "an appeal is … deemed 'filed' on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox. The appellant bears the burden of proving that he or she in fact delivered the appeal within the appropriate time period." *Commonwealth v. Jones*, 549 Pa. 58, 63, 700 A.2d 423, 426 (1997).

Appellant appeals the PCRA court's September 7, 2016 order denying his third petition for collateral relief. Pursuant to Rule 903, the applicable thirty-day appeal period expired on Friday, October 7, 2016. The filing date of Appellant's notice of appeal is ambiguous as although Appellant included a certificate of service averring that he mailed the notice of appeal on October 7, 2016, the notice of appeal is signed and dated October 8, 2016. The record contains no other evidence of the date Appellant filed his notice of

appeal. In some cases where the filing date of a *pro se* prisoner's notice of appeal is at issue, our courts have remanded for an evidentiary hearing for a timeliness determination. However, a remand in this case is unnecessary as Appellant's PCRA petition is clearly untimely.

It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Leggett**, 16 A.3d 1144, 1145 (Pa.Super. 2011) (citations omitted). Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented. **Leggett**, 16 A.3d at 1146 (citing 42 Pa.C.S. § 9545(b)(2)).

As noted above, the trial court sentenced Appellant on October 28, 2004. After this Court affirmed Appellant's judgment of sentence, our Supreme Court denied Appellant's petition for allowance of appeal on September 12, 2006. Appellant did not seek review in the Supreme Court of

the United States. Section 9545(b)(3) of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S. § 9543(b)(3). Appellant's judgment of sentence became final on December 11, 2006, after the expiration of the ninety day period in which he was allowed to seek review in the Supreme Court of the United States. *See* U.S. Sup.Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). As such, Appellant needed to file his request for collateral relief by December 11, 2007. This petition, filed on June 2, 2016, is facially untimely.

The only arguable exception to the PCRA time bar in Appellant's *pro se* petition is the newly recognized constitutional right timeliness exception in Section 9545(b)(1)(iii). Appellant argues his sentence of life imprisonment is unconstitutional pursuant to **Alleyne v. U.S.**, ___U.S.___, 133 S.Ct. 2151, 2155 (2013), in which the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Based on **Alleyne**, our courts have invalidated Pennsylvania statutes setting forth mandatory minimum sentences allowing a trial court to increase a defendant's minimum sentence at sentencing under a preponderance of the evidence standard. *See **Commonwealth v. Newman**,* 99 A.3d 86, 98 (Pa.Super. 2014) (*en banc*) (invalidating 42 Pa.C.S. § 9712.1), *appeal*

*denied*, 121 A.3d 247 (Pa. 2015); ***Commonwealth v. Mosley***, 114 A.3d 1072, 1087–91 (Pa.Super. 2015) (invalidating 18 Pa.C.S. § 7508).

However, our Supreme Court has recently held that ***Alleyne*** does not apply retroactively to cases on collateral review. ***Commonwealth v. Washington***, ___Pa.___, 142 A.3d 810, 820 (2016). Accordingly, as Appellant failed to prove an applicable exception to the PCRA timeliness requirements, we conclude that the PCRA court correctly dismissed Appellant's PCRA petition as untimely filed.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/17/2017