J-S19023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEWART MICHAEL LAZARUS, | |
| Appellant | No. 798 MDA 2016 |

Appeal from the PCRA Order Entered January 12, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):
CP-36-CR-0005165-2012
CP-36-CR-0005166-2012
CP-36-CR-0005171-2012
CP-36-CR-0005172-2012

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED MAY 02, 2017**

Appellant, Stewart Michael Lazarus, appeals *pro se* from the post-conviction court's January 12, 2016 order denying his first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we quash Appellant's appeal as being untimely filed.

The facts of Appellant's underlying convictions are irrelevant to our disposition of his appeal.  We only note that in August of 2013, he entered guilty pleas to, *inter alia*, 28 counts of burglary.  Appellant was sentenced on November 20, 2013, to an aggregate term of 33 to 66 years' incarceration.

_____

[*] Former Justice specially assigned to the Superior Court.

He filed a timely direct appeal, solely challenging the discretionary aspects of his sentence, and this Court affirmed. *See Commonwealth v. Lazarus*, 107 A.3d 219 (Pa. Super. 2014) (unpublished memorandum).

On August 11, 2015, Appellant filed a timely, *pro se* PCRA petition. Adam Szilagyi, Esq., subsequently entered his appearance as counsel for Appellant, and filed an amended petition on his behalf. A PCRA hearing was conducted on October 16, 2015. On January 12, 2016, the PCRA court issued an order denying Appellant's petition. That order informed Appellant that he had 30 days to file an appeal. However, it was not until May 11, 2016, that this Court received a *pro se* notice of appeal from Appellant.

Given the facial untimeliness of Appellant's notice of appeal, this Court issued a rule to show cause why his appeal should not be quashed. Appellant filed a *pro se* response, stating that he had informed Attorney Szilagyi to file an appeal on his behalf, but counsel had abandoned Appellant. In support, Appellant attached written correspondence between him and Attorney Szilagyi that seemingly supported Appellant's claim that, shortly after the PCRA court issued the order denying his petition, he had asked counsel to file an appeal.[1] Consequently, this Court discharged the rule to show cause order.

---

[1] Specifically, Appellant attached a January 13, 2016 letter from Attorney Szilagyi advising Appellant that his petition had been denied. He also attached a January 20, 2016 letter that he wrote to counsel, in which Appellant stated he wanted to file an appeal. However, as will be discussed
*(Footnote Continued Next Page)*

Then, on October 12, 2016, the Commonwealth filed an application for remand so the PCRA court could ascertain the status of Attorney Szilagyi's representation of Appellant. The Commonwealth noted that there was no indication in the record that Attorney Szilagyi had filed a petition to withdraw from representing Appellant, nor had the PCRA court conducted a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988), to ensure that Appellant was waiving his right to counsel knowingly, intelligently, and voluntarily.

Ultimately, this Court issued a *per curiam* order on December 28, 2016, granting the Commonwealth's application for remand. That order further directed that on remand, the PCRA court must determine if Attorney Szilagyi had abandoned Appellant and, if so, take further action as necessary, including appointing new counsel. We also directed the PCRA court to submit its findings of facts, and inform us of any action(s) taken, within 30 days.

Thereafter, this Court received a responsive opinion from the PCRA court. In that opinion, the court stated that it conducted a hearing on January 13, 2017, at which both Attorney Szilagyi and Appellant testified. The court then set forth the following findings of fact:

_(Footnote Continued)_ ———————————

*infra*, there was correspondence between Appellant and Attorney Szilagyi after these two letters that Appellant did not attach to his response to the rule to show cause.

1. PCRA counsel sent [Appellant] a letter on January 13, 2016 enclosing a copy of the January 12, 2[016] Order denying [Appellant's] PCRA and informing [Appellant] that he should call or write him if he wished to appeal the Order.

2. [Appellant] sent PCRA counsel a letter on January 20, 2016 stating that he wished to appeal the denial of his PCRA petition.

3. [Appellant] had a discussion with PCRA counsel via telephone on January 29, 2016 … to discuss the merits of an appeal.

4. [Appellant] expressed to PCRA counsel during their telephone conversation that he believed he would get a *de novo* hearing on appeal.

5. PCRA counsel explained to [Appellant] during their telephone conversation that the Superior Court of Pennsylvania would not hear the matter *de novo* and that any appeal would lack merit given the supported credibility determinations made by this [c]ourt.

6. PCRA [counsel] further informed [Appellant] that if he wished to proceed with an appeal, PCRA counsel would file a [**Turner/**]**Finley**[2] letter and motion to withdraw as counsel.

7. [Appellant] informed PCRA counsel during their telephone conversation that he no longer wished to file an appeal.

8. PCRA counsel sent [Appellant] a letter on January 29, 2016 confirming their telephone conversation and directing [Appellant] to confirm in writing whether … he wished to pursue an appeal.

9. [Appellant] sent PCRA counsel a letter on February 3, 2016 specifically confirming that, per their phone conversation, he no longer wished to file an appeal of the denial of his PCRA petition. [Appellant] confirmed that he wrote and sent the February 3, 2016 letter to PCRA counsel.

10. PCRA counsel sent [Appellant] a letter on February 9, 2016 confirming that [Appellant] did not wish to pursue any appeal and informing [Appellant] that, as a result, his representation of

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[Appellant] would terminate as of February 11, 2016, which was the deadline for filing a notice of appeal.

11. [Appellant] confirmed that he received and read the February 9, 2016 letter.

12. [Appellant] was, therefore aware as of the date of receipt of the February 9, 2016 letter that no appeal was being filed.

13. [Appellant's] testimony that his four (4) month delay in filing his notice of appeal was the result of being unable to make it into the law library was not credible.

14. PCRA counsel's testimony that, given the time restraints, he would have filed a notice of appeal on [Appellant's] behalf in order to preserve such if [Appellant] had expressed a renewed desire to do so was credible.

15. [Appellant] failed to express to PCRA [c]ounsel a desire to file an appeal of the denial of his PCRA petition following his February 3, 2016 letter stating that he did not wish to pursue an appeal.

16. [Appellant's] testimony that he wanted PCRA counsel to withdraw so that he could file an appeal *pro se* was not credible.

17. [Appellant's] testimony was not credible.

18. PCRA counsel's testimony [was] credible.

19. PCRA counsel did not abandon [Appellant].

PCRA Court Opinion (PCO), 1/17/17, at 1-4 (citations to the record and footnotes omitted).[3]

In light of the PCRA court's findings of fact and credibility determinations, which are supported by the record, we are bound to

---

[3] Throughout its findings of fact, the PCRA court cites letters written by Appellant and Attorney Szilagyi that support the court's summary of the communications between Appellant and counsel. Those letters were admitted into evidence at the January 13, 2017 hearing, and are attached to the court's January 17, 2017 opinion. *See* PCO at 1 n.1 and Attachments.

conclude that Appellant was not abandoned by Attorney Szilagyi but, rather, he informed counsel *not* to file an appeal on his behalf. ***See Commonwealth v. Medina***, 92 A.3d 1210, 1214-15 (Pa. Super. 2014) ("The PCRA court's credibility determinations, when supported by the record, are binding on this Court.") (citation omitted). Consequently, Appellant's *pro se* notice of appeal, filed on May 11, 2016 (120 days after the order from which he is appealing), is patently untimely. ***See*** Pa.R.A.P. 903(a) (requiring that a "notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken."). Therefore, we must quash Appellant's appeal. ***See Commonwealth v. Pena***, 31 A.3d 704, 706 (Pa. Super. 2011) (stating that the "[t]imeliness of an appeal is a jurisdictional question[,]" and that "the time [for filing a notice of appeal] may not be extended as a matter of indulgence or grace").

Appeal quashed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/2/2017

- 6 -