J-S24006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVONN ROSS | |
| Appellant | No. 217 WDA 2016 |

Appeal from the PCRA Order January 7, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011234-2006

BEFORE:  PANELLA, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 5, 2017**

A jury convicted Appellant, Davonn Ross, of third-degree murder and related charges arising from allegations that he had shot and killed Ramon Yates on June 8, 2006. At trial, the Commonwealth impeached a juvenile eyewitness with his taped, prior inconsistent statement to police investigators. In his timely, first petition pursuant to the Post Conviction Relief Act ("PCRA"), Ross asserted that his trial counsel, Lisa Middleman, Esquire, was ineffective when she failed to challenge the competency of the juvenile witness. The PCRA court dismissed Ross's petition without a

_____

[*] Former Justice specially assigned to the Superior Court.

hearing, after permitting his court-appointed counsel to withdraw from the case.[1]

On appeal,[2] Ross argues that the PCRA court erred in dismissing his petition, and that PCRA counsel was ineffective in filing a no-merit letter. We conclude that Ross did not establish that he was prejudiced by Attorney Middleman's failure to challenge the juvenile witness's competency, albeit through reasoning that differs from the PCRA court's, and therefore affirm.

At Ross's trial, the Commonwealth presented a significant amount of circumstantial evidence linking Ross to the murder of Yates. It also called two juvenile eyewitnesses to the crime to testify. However, both witnesses were uncooperative on the stand, claiming to have no specific recollection of the event. *See* N.T., Jury Trial, 1/29-2/2/08, at 195-202, 207-210. As a result, the Commonwealth sought to introduce the witnesses' recorded

_____

[1] The PCRA court granted withdrawal after it found that counsel had complied with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Upon the filing of this appeal, the PCRA court appointed new counsel to represent Ross on appeal. However, following a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988), Ross waived his right to appointed appellate counsel. He is proceeding *pro se*.

[2] Ross's appeal was docketed more than thirty days after the entry of the order dismissing his PCRA petition. However, he was incarcerated at the time, his notice of appeal is dated February 2, 2016, and the time stamp on the envelope attached to his filing has a date of February 5, 2016. Thus, we conclude that Ross's appeal was timely filed pursuant to the prisoner mailbox rule. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997).

interviews with police investigators as prior inconsistent statements of a witness pursuant to Pa.R.E. 803.1. The recorded statements of both witnesses explicitly identified Ross as the individual who shot and killed Yates. *See* N.T., Jury Trial, 1/29-2/2/08, at 319, Appendix A, at 2-3. Under Rule 803.1, the jury was allowed to consider these recorded statements, not just as evidence regarding the credibility of the witnesses, but also as evidence that Ross killed Yates. *See Commonwealth v. Buford*, 101 A.3d 1182, 1201 (Pa. Super. 2014), *appeal denied*, 114 A.3d 415 (Pa. 2015).

The first eyewitness, J.W., was ten years old at the time of the shooting and twelve at the time of trial. Ross asserts that his trial counsel was ineffective in failing to request that the trial court determine J.W.'s competency before allowing the Commonwealth to use his prior inconsistent statement.

We review challenges to an order dismissing a petition under the PCRA to determine whether the order is supported by the evidence of record and is free of legal error. *See Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Counsel is presumed effective; thus, an appellant has the burden of proving otherwise. *See Commonwealth v. Pond*, 846 A.2d 699, 708 (Pa. Super. 2004). "In order for Appellant to prevail on a claim of ineffective

assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which … so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." ***Commonwealth v. Johnson***, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citation omitted). It is well settled that

> [t]o plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1189-1190 (Pa. Super. 2012) (citation omitted).

In assessing a claim of ineffectiveness, when it is clear that an appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. ***See Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995). "To establish the [prejudice] prong, Appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction." ***Commonwealth v. Spotz***, 18 A.3d 244, 260 (Pa. 2011) (citations omitted).

Here, the PCRA court concluded that Ross had not established prejudice, as J.W.'s live testimony at trial – that he didn't remember the shooting – was actually a benefit to Ross. ***See*** Notice of Intent to Dismiss, 12/4/2015, at 1. This, however, misconstrues Ross's argument. Clearly, he

does not object to J.W.'s live testimony, which was not inculpatory evidence. It is just as clearly not exculpatory evidence, as it amounts to no more than, at best, a witness who did not remember the crime. What Ross rightfully focuses on is the use of the prior recorded statement of J.W., which was admissible as evidence that he committed the crime.

"A child's competency to testify is a threshold legal issue that a trial court must decide." *Commonwealth v. Pena*, 31 A.3d 704, 706 (Pa. Super 2011) (citation omitted). The competency of hearsay declarants is governed by the general rules of testimonial capacity. *See Commonwealth v. Ware*, 329 A.2d 258, 272 (Pa. 1974). Under these rules, every witness is presumed to be competent. *See* Pa.R.E. 601(a). Thus, to succeed on this claim, Ross bore the burden of establishing, by clear and convincing evidence, that J.W. lacked the "minimal capacity … (1) to communicate, (2) to observe an event and accurately recall that observation, and (3) to understand the necessity to speak the truth." *Pena*, 31 A.3d at 707.

It is undisputed that there was no competency hearing for J.W. Furthermore, it is undisputed that Ross's trial counsel did not request one. Just as importantly, the PCRA court did not provide Ross an opportunity, through a hearing on his petition, to meet his burden of proof on this issue. However, we conclude that, in any event, Ross cannot establish that he was prejudiced by counsel's failure to request a competency hearing for J.W.

The primary relevance of J.W.'s testimony was the identification of Ross as the shooter. Even assuming that we would conclude that J.W. was incompetent and his prior recorded statement should have been stricken, another eyewitness explicitly identified Ross as the shooter.

Similar to J.W., D.W.[3] testified on the stand that he did not remember the shooting. Thus, the Commonwealth once again played the D.W.'s prior recorded statement for the jury. In his recorded statement, D.W. stated that Ross shot Yates. **See** N.T., Jury Trial, 1/29-2/2/08, at 319. Combined with testimony that the bullet that killed Yates was consistent with the gun found behind Ross's house, **see id**., at 595-596, as well DNA evidence that Ross had likely handled the gun found behind his house, **see id**., at 726-728, we conclude that the exclusion of J.W.'s testimony at trial was highly unlikely to have affected the verdict.

Ross highlights the differences between J.W.'s and D.W.'s recorded statements. Specifically, he argues that J.W.'s statement was the only evidence of a possible motive that Ross may have had for killing Yates. However, even accepting this characterization as true does not alter our conclusion that, had the jury not heard J.W.'s recorded statement, the verdict would not have been affected. Ross has thus failed to establish that the failure to request a competency hearing prejudiced him.

_____

[3] Ross has not challenged D.W.'s competency in this appeal.

Ross's remaining issue on appeal, that PCRA counsel was ineffective in filing to withdraw from this case, is predicated on this claim of trial counsel ineffectiveness. As we have concluded that Ross cannot establish that trial counsel's action prejudiced him, his claim of PCRA counsel ineffectiveness likewise fails. We therefore affirm the PCRA court's order dismissing Ross's petition.

Order affirmed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/5/2017