J-S80021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JEFFREY MARK KENNOY | : | |
| Appellant | : | No. 555 EDA 2016 |

Appeal from the PCRA Order January 5, 2016
In the Court of Common Pleas of Montgomery County Criminal Division at
No(s): CP-46-CR-0006475-2007

BEFORE: BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: **FILED JANUARY 12, 2018**

Appellant, Jeffrey Mark Kennoy, appeals *pro se* from the January 5, 2016 order that denied his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We quash.

The PCRA court set forth the relevant facts and procedural history of this case as follows:

On August 4, 2007, after first commandeering a car with a young woman and a twelve (12) year old boy inside, Appellant, armed with a .38 caliber revolver shot at two (2) Horsham Township police officers multiple times. The officers returned fire, wounding Appellant. Appellant eventually entered open guilty pleas to two (2) counts of aggravated assault and various firearm offenses on December 30, 2009. The court sentenced Appellant on June 28, 2010, to an aggregate term of twenty-two (22) to forty-four (44) years of imprisonment. Counsel filed a timely petition for reconsideration of sentence on July 8, 2010. The sentencing court held a hearing on the petition on September 15, 2010, and denied the petition on September 21, 2010. Appellant did not file a direct appeal.[2]

[2] Accordingly, Appellant's Judgment of sentence became final on Thursday, October 21, 2010.[1]

On May 10, 2011, Appellant filed a timely *pro se* petition under the PCRA. The court appointed counsel and held a hearing on November 10, 2011. The undersigned denied Appellant's first PCRA petition by order docketed on December 16, 2011. Appellant filed a timely *pro se* appeal. Counsel eventually filed a "no–merit" letter that the Superior Court deemed to be satisfactory, as well as a petition to withdraw on March 27, 2014.[2] The Superior Court conducted an independent review and issued a memorandum opinion on May 1, 2014, which affirmed the PCRA court. (*Commonwealth v. Kennoy*, [104 A.3d 35,] 355 EDA 2012, [(Pa. Super.] filed May 1, 2014).

Appellant filed a "Subsequent Petition" under the PCRA *pro se* on October 23, 2014, which the Clerk of Courts docketed on October 29, 2014. In his petition, Appellant raised three issues, which the court addressed, in addition to the untimeliness of the Subsequent Petition, in the undersigned's Notice Pursuant to Pa.R.Crim.P. 907(1) of Intention to Dismiss PCRA Petition Without a Hearing.

---

[1] Thus, to be timely, a PCRA petition must have been filed by October 21, 2011. **See** 42 Pa.C.S. § 9545(b)(1) (In order to be considered timely, a first or any subsequent PCRA petition "shall be filed within one year of the date" the petitioner's judgment of sentence becomes final.).

[2] Initially, PCRA counsel filed her petition to withdraw in the PCRA court after Appellant filed his notice of appeal. We remanded and directed counsel to file either an advocate's brief on Appellant's behalf or a petition to withdraw and "no-merit" letter in this Court. **Commonwealth v. Kennoy**, 96 A.3d 1090, 355 EDA 2012 (Pa. Super. filed January 23, 2014)(unpublished memorandum). After remand, counsel filed a petition to withdraw, which we denied because counsel failed to satisfy all of the requirements for withdrawal. We again remanded for the filing of an advocate's brief or counsel's compliance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). **Commonwealth v. Kennoy**, 100 A.3d 309, 355 EDA 2012 (Pa. Super. filed March 17, 2014) (unpublished memorandum). PCRA counsel subsequently complied with the **Turner**/**Finley** dictates.

Appellant filed an appeal from the dismissal of his Subsequent Petition.[3] Although the typewritten date on the notice of appeal is February 2, 2016, Appellant mailed the notice to the Montgomery County Clerk of Courts in an envelope postmarked February 12, 2016, which the Clerk of Courts received and docketed on February 17, 2016.

PCRA Court Opinion, 5/10/17, at 2–3 (footnote omitted).

Appellant raises the following issues for our review:

I. Whether the PCRA Court erred when it ruled that Appellant's Notice of Appeal was filed late and should be quashed?

II. Whether the PCRA Court erred when it denied Appellant's Subsequent PCRA as untimely?

Appellant's Brief at 4.

We note that the PCRA court concluded that this appeal was untimely, thereby urging us to quash the appeal. PCRA Court Opinion, 5/10/17, at 6. We, likewise, must first address whether the appeal was timely filed. It is well settled that the "[t]imeliness of an appeal is a jurisdictional question." *Commonwealth v. Pena*, 31 A.3d 704, 707 (Pa. Super. 2011). "When a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace." *Id*. (citation omitted).

As noted above, the order denying Appellant's PCRA petition was filed on January 5, 2016, and the record contains the stamped, certified-mail receipt showing that the order was mailed to Appellant on that date. Thus,

---

[3] The PCRA court dismissed the PCRA petition on January 5, 2016.

the appeal period began on January 5, 2016.  ***See*** Pa.R.A.P. 108(a)(1) ("[I]n computing any period of time under these rules involving the date of entry of an order by a court or other government unit, the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties . . . ."). ***Commonwealth v. Gaines***, 127 A.3d 15, 18 (Pa. Super. 2015) (*en banc*).  Therefore, Appellant had thirty days from January 5, 2016, in which to file a timely appeal. Pa.R.A.P. 903(a) (all notices of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken.").  The thirtieth day fell on Thursday, February 4, 2016.  The record reflects that Appellant dated his notice of appeal February 2, 2016, but the notice of appeal was not docketed in the common pleas court until February 17, 2016, thirteen days late.

While Appellant's notice of appeal was docketed thirteen days late, we are cognizant that Appellant is, and was, incarcerated at the time of filing. The "prisoner mailbox rule" provides a limited exception to the time requirements for filings in the courts of this Commonwealth. ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011).  The prisoner mailbox rule allows a *pro se* document to be deemed filed on the date it is placed in the hands of prison authorities for mailing.  ***Id***.

The best evidence of the date Appellant placed the notice of appeal in the hands of prison authorities for mailing is not February 2, 2016, the date written on the notice of appeal; theoretically, Appellant could write any date

on his notice of appeal. Thus, we are compelled to look to other evidence. The certified record contains the envelope Appellant used for mailing, which shows a postmark of February 12, 2016. Under the prisoner mailbox rule, "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted). As a result, we deem Appellant's appeal to have been filed on February 12, 2016, eight days late.

Therefore, Appellant's notice of appeal was not filed within the thirty-day period prescribed by Rule 903(a). Based on the foregoing, we conclude Appellant's notice of appeal was untimely filed. Accordingly, we are without jurisdiction to entertain the appeal and are constrained to quash.[4]

Appeal quashed.

Judge Musmanno joins the Memorandum.

Judge Bowes concurs in the result.

---

[4] Even if Appellant's notice of appeal was timely filed, we would agree with the PCRA court that Appellant's PCRA petition was untimely, as described and supported in the PCRA court's notice pursuant to Pa.R.Crim.P. 907(1), filed November 20, 2015 (docket entry number 10).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/18