J-S20008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY MOYD, JR. | : | |
| | : | |
| Appellant | : | No. 1539 MDA 2020 |

Appeal from the PCRA Order Entered November 2, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004269-2017

BEFORE: NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.: **FILED AUGUST 02, 2021**

Appellant Anthony Moyd, Jr. appeals *pro se* from the order denying his timely first petition filed under the Post Conviction Relief Act (PCRA).[1] On appeal, Appellant asserts that his trial counsel was ineffective for interfering with Appellant's right to testify. We affirm.

The PCRA court briefly summarized the relevant facts and procedural history of this case as follows:

> Following a jury trial held on March 12-13, 2018, [Appellant] was convicted of Count 1 - Persons Not to Possess a Firearm,[fn1] Count 2 - Terroristic Threats,[fn2] and Counts 4 [through] 6 – Recklessly Endangering Another Person.[fn3] [Appellant] was sentenced on April 3, 2018, to serve an aggregate sentence of not less than 60 months nor more than 120 months. Following sentencing, Appellant filed a post-sentence motion on April 12, 2018, and this court entered an order denying Appellant's post-sentence motion on April 18, 2018. A timely notice of appeal was filed to the Pennsylvania Superior Court on April 25, 2018. On February 28,

---

[1] 42 Pa.C.S. §§ 9541-9546.

2019, the Pennsylvania Superior Court affirmed the judgment of sentence. **See** [**Commonwealth v. Moyd**,] 701 MDA 2018[, 209 A.3d 1103 (Pa. Super. filed Feb. 28, 2019)]. A petition for allowance of appeal was filed and on August 27, 2019, the Pennsylvania Supreme Court denied the petition. **See** [**Commonwealth v. Moyd**,] 195 MAL 2019[, 217 A.3d 216 (Pa. filed Aug. 27, 2019)].

> [fn1] 18 Pa.C.S. § 6105(a)(1).

> [fn2] 18 Pa.C.S. § 2706(a)(1).

> [fn3] 18 Pa.C.S. § 2705.

PCRA Ct. Op., 3/26/20, at 1 (some formatting altered).

On January 10, 2020, Appellant filed a timely *pro se* PCRA petition, and on January 16, 2020, the PCRA court appointed counsel to represent Appellant. On March 12, 2020, PCRA counsel filed a motion to withdraw and **Turner/Finley**[2] letter. PCRA counsel raised Appellant's allegation that trial counsel was ineffective and interfered with his right to testify. However, PCRA counsel also explained that Appellant's claim was meritless as Appellant could not establish prejudice. Mot. to Withdraw, 3/12/20, at ¶¶ 21-33.

On March 26, 2020, the PCRA court granted PCRA counsel's motion to withdraw and informed Appellant of its intent to dismiss Appellant's PCRA petition. Appellant filed three separate *pro se* motions for extensions of time in which to respond to PCRA counsel's motion to withdraw, and the PCRA court granted each motion. Orders, 4/30/20, 7/8/20, and 9/18/20. However,

_____

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant did not file a response. On November 2, 2020, the PCRA court dismissed Appellant's PCRA petition, and Appellant filed the instant appeal.

Initially, we address the timeliness of Appellant's appeal. *See Commonwealth v. Pena*, 31 A.3d 704, 706 (Pa. Super. 2011) (stating that the timeliness of an appeal is jurisdictional question). As stated, the PCRA court dismissed Appellant's PCRA petition on November 2, 2020.[3] Therefore, Appellant had thirty days or until December 2, 2020, in which to file a timely appeal. *See* Pa.R.A.P. 903(a). The record indicates that Appellant filed a *pro se* notice of appeal that was time stamped and docketed on December 4, 2020, which would be two days late. However, the certificate of service that is attached to Appellant's *pro se* notice of appeal is dated November 25, 2020, as is a certificate of compliance with the public access policy of the Unified Judicial System of Pennsylvania, and we conclude that Appellant's appeal was timely under the prisoner mailbox rule. *See Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa. Super. 2011) (noting that the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing).

_____

[3] Although the order dismissing Appellant's PCRA petition was dated and marked on the docket on October 30, 2020, the docket entries reflect a service date of November 2, 2020. Accordingly, we refer to November 2, 2020, as the filing date. *See* Pa.R.Crim.P. 114(C)(2)(c) (docket entries "shall contain" the "date of service of the order"); Pa.R.Crim.P. 907(4) (an order dismissing a petition without a hearing "shall advise the defendant . . . of the time limits within which the appeal must be filed"); Pa.R.A.P. 108(a)(1) (the appeal period only begins running on the date the clerk "mails or delivers copies of the order to the parties").

On December 21, 2020, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied. On January 13, 2021, the PCRA court filed a statement in lieu of an opinion in which it adopted its prior March 26, 2020 opinion announcing its reasons for dismissing Appellant's PCRA petition.

On appeal, Appellant raises the following issue:

> PCRA counsel rendered ineffective assistance by failing to raise in the initial collateral review petition that trial counsel was ineffective because counsel's erroneous advice interfered with Appellant's right to testify.

Appellant's Brief at 9 (unpaginated).

Our standard of review follows:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

> Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief.

- 4 -

> Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered), *appeal denied*, 216 A.3d 1029 (Pa. 2019).

Initially, we note that Appellant phrases his issue as a layered claim of ineffectiveness. In other words, Appellant states that PCRA counsel was ineffective when it failed to raise trial counsel's ineffectiveness in interfering with Appellant's right to testify. Appellant's Brief at 9 (unpaginated).

However, this claim is meritless. Appellant's assertion that PCRA counsel failed to raise this issue is contradicted by the record. PCRA counsel did present this issue to the PCRA court; however, counsel concluded and explained to the PCRA court that this issue lacked merit. PCRA Counsel's Mot.

to Withdraw, 3/21/20, at ¶¶ 21-29. Accordingly, there is no arguable merit to Appellant's claim of PCRA counsel's ineffectiveness.

We turn next to Appellant's underlying claim of trial counsel's alleged ineffectiveness. Appellant contends that he wanted to testify at trial, however, the trial court informed Appellant that his November 17, 2008 conviction for robbery could be used to impeach his credibility. Appellant's Brief at 10 (unpaginated). Appellant asserts that trial counsel was ineffective for failing to challenge the trial court's assessment because robbery is not a crime of "dishonesty or false statement." *Id.* Appellant's claim is meritless.

It is well settled that where the date of conviction or last date of confinement for a conviction for *crimen falsi* is within ten years of trial, evidence of the conviction is *per se* admissible for the purpose of attacking the credibility of any witness. ***Commonwealth v. Trippett***, 932 A.2d 188, 199 (Pa. Super. 2007); Pa.R.E. 609. Moreover, robbery is a crime of dishonesty, and it constitutes a *crimen falsi*. ***See Commonwealth v. Harris***, 884 A.2d 920, 925 (Pa. Super. 2005) (stating that robbery is considered *crimen falsi* and evidence of a robbery conviction is admissible for impeachment purposes).

As noted above, Appellant pleaded guilty to robbery on November 17, 2008, and Appellant's trial in the instant case occurred in March of 2018. Accordingly, Appellant's prior conviction for robbery was *per se* admissible to impeach his credibility. ***See Trippett***, 932 A.2d at 199; ***see also Harris***, 884 A.2d at 925. Therefore, there is no merit to Appellant's claim that trial

counsel was ineffective for failing to object to the trial court admonishing Appellant that if he chose to testify, his robbery conviction would be admissible to impeach his credibility.

For the reasons set forth above, we conclude that there was no error of law in the PCRA court dismissing Appellant's PCRA petition. ***See Sandusky***, 203 A.3d at 1043-44. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2021