J-S14041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                        :          PENNSYLVANIA
                        :
           v.                :
                        :
JOSEPH MORTIMER            :
                        :
          Appellant      :   No. 2139 EDA 2024

Appeal from the PCRA Order Entered May 20, 2024
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0001737-2014

BEFORE: DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED MAY 6, 2025**

Appellant, Joseph Mortimer, appeals *pro se* from the order entered in the Court of Common Pleas of Bucks County denying his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing on the basis it was untimely filed. After a careful review, we affirm.

The relevant facts and procedural history are as follows: On January 9, 2014, the Middletown Township Police Department received a report of a sexual assault that had occurred on January 5, 2014, at a home on Highland Avenue in Quakertown, Pennsylvania. The victim, J.T., was a thirteen-year-old female, and she identified Appellant, who was eighteen years old, as her

_____

[*] Former Justice specially assigned to the Superior Court.

attacker. On February 25, 2014, the Commonwealth filed an Information charging Appellant with rape by forcible compulsion, involuntary deviate sexual intercourse, statutory sexual assault, aggravated indecent assault, and indecent assault.[1]

On May 28, 2014, Appellant, represented by counsel, entered a negotiated guilty plea to involuntary deviate sexual intercourse, statutory sexual assault, and indecent assault. Sentencing was deferred for an evaluation of Appellant by the Sexual Offenders Assessment Board ("SOAB"). Prior to receiving the assessment, Appellant filed a counseled pre-sentence motion to withdraw his guilty plea, and on December 15, 2014, the trial court granted Appellant's motion.

Trial was scheduled for January 27, 2015. Appellant, along with his counsel, appeared on this date, and instead of proceeding to trial, Appellant pled guilty in accordance with the original negotiated guilty plea.[2] On this same date, the trial court sentenced Appellant to five years and six months to twenty years in prison for involuntary deviate sexual assault. The trial court imposed no further penalty for either statutory sexual assault or indecent

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(7), 3122.1 (a)(1), and 3125(a).

[2] We note the Commonwealth withdrew the remaining charges in exchange for Appellant's guilty plea.

assault. On June 6, 2017, following a hearing, Appellant was deemed a sexually violent predator.

Appellant filed neither post-sentence motions nor a direct appeal. However, on February 21, 2024, he filed a *pro se* PCRA petition.[3] The PCRA court appointed Patrick J. McMenamin, Jr., Esquire, to represent Appellant,[4] and on April 30, 2024, Attorney McMenamin filed a **Turner/Finley**[5] "no-merit" letter and petition to withdraw his representation.

By order entered on May 2, 2024, the PCRA court granted Attorney McMenamin's petition to withdraw his representation, as well as provided Appellant with notice of its intent to dismiss his PCRA petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. On or about May 10, 2024,

---

[3] Appellant's *pro se* petition was docketed on February 26, 2024. However, the envelope in which the petition was mailed bears the postmark of February 21, 2024, and, thus, under the prisoner mailbox rule, we shall deem it to have been filed on February 21, 2024. **See Commonwealth v. Chambers**, 35 A.3d 34 (Pa.Super. 2011) (discussing the prisoner mailbox rule).

[4] During the entry of his guilty plea and sentencing, Appellant was represented by Lisa Douple, Esquire, senior deputy from the Bucks County Public Defender's Office. For purposes of litigating Appellant's PCRA petition, the PCRA court appointed private counsel, Attorney McMenamin.

[5] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).

Appellant filed a *pro se* response to the PCRA court's Rule 907 dismissal notice.[6]

By order entered on May 20, 2024, the PCRA court denied Appellant's PCRA petition. The order indicated Appellant had thirty days from the entry of the order to file an appeal with this Court. The docket entries reveal this order was served upon the District Attorney's Office and Christina A. King, Esquire, of the Bucks County Public Defender's Office. However, the order was not served upon Appellant. Importantly, Appellant was not represented by Attorney King, the Public Defender's Officer, or, in fact, any attorney, at this juncture.

Thereafter, on June 6, 2024, Appellant filed in this Court a *pro se* document requesting transcripts and instructions on filing a notice of appeal, and we forwarded the document to the lower court. On July 31, 2024, Appellant filed a *pro se* notice of appeal in the PCRA court.[7]

---

[6] Appellant's *pro se* response was docketed on May 13, 2024. However, the envelope in which the response was mailed bears the postmark of May 10, 2024, and, thus, under the prisoner mailbox rule, we shall deem it to have been filed on May 10, 2024. **See Chambers**, **supra**.

[7] Appellant's *pro se* notice of appeal was docketed on August 8, 2024. However, the envelope in which the notice of appeal was mailed bears the postmark of July 31, 2024, and, thus, under the prisoner mailbox rule, we shall deem it to have been filed on July 31, 2024. **See Chambers**, **supra**.

On appeal, in his *pro se* brief, Appellant fails to include a "Statement of the Questions Involved." However, in the "Summary of Argument," he indicates he wishes to raise the following issues (verbatim):

1. Agency jurisdiction via violating its jurisdiction limits, weather [*sic*] or not preliminary hearing jurisdiction (venue objection) Middletown police investigated and filed an Indictment in middle town [*sic*] manicaplity [*sic*] when the alleged crime was not in Middletown…but suposidly [*sic*] in…Quakertown…per the factual history of the attached record[.]

2. The lower court's accepting of my guilty pleaa [*sic*] with no evidence a crime was committed.

3. Only used officer's initial report (affidavit) as evidence a crime with false conffession [*sic*]. A factual basis for a guilty plea must exist per fundamental principles of the constitutional law or equity.

4. Ineffective counsaul [*sic*]. My confession was never challenged by my public defender, and was known to my respresentitive [*sic*], that my coneffion [*sic*] was compelled from me to self-incriminate. Officer Initil's report was never challenged. Affidavit was never challenged. Public Defender threatened to abandon me when I withdrew my guilty plea and demonstrated my innocence on 12-15-14. I was never offered/provided…an entitled investigator through any court proceeding (being I was indigent/"poor man" at the time).

5. The time bar rulling [*sic*], theres [*sic*] is no time limit on any investigation weather [*sic*] by law enforcement, or by me (appellant). [I]n other words, I followed all due diligence.

Appellant's Brief.[8]

Initially, we note the Commonwealth argues Appellant's instant appeal is untimely. The PCRA court's order denying Appellant's PCRA petition was

_____

[8] This portion of Appellant's Brief is not paginated.

entered on May 20, 2024; however, Appellant did not file a *pro se* notice of appeal until July 31, 2024.

The timeliness of a notice of appeal affects this Court's jurisdiction. ***Commonwealth v. Pena***, 31 A.3d 704, 706 (Pa.Super. 2011). To be timely, a notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken. ***See*** Pa.R.A.P. 903(a). This Court is without authority to extend the thirty-day period unless there is fraud or a breakdown in the processes of the court. ***See*** Pa.R.A.P. 105(b). ***See also Commonwealth v. Stansbury***, 219 A.3d 157, 160 (Pa.Super. 2019).

"[I]t has long been the law of this Commonwealth that the failure to file a timely appeal as a result of a breakdown in the court system is an exception to" Rule 903(a). ***Stansbury***, 219 A.3d at 160. We have found a breakdown in court processes where, *inter alia*, the court fails to advise a petitioner of his appellate rights. ***See id.***

In the instant case, since Appellant's PCRA petition was denied without a hearing, the PCRA court was required to comply with Pennsylvania Rule of Criminal Procedure 907, which pertains to PCRA petitions disposed of without a hearing. Relevantly, Rule 907 provides as follows:

> (4) When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907(4).

Moreover, Pennsylvania Rule of Criminal Procedure 114, pertaining to serving, filing, and docket entries, relevantly provides, "**(B) Service** (1) A copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented." Pa.R.Crim.P. 114(2)(B)(1) (bold in original).

In the case *sub judice*, the docket entries reveal the PCRA court's May 20, 2024, order was not served on Appellant, who was *pro se*. ***See id.*** Rather, the order was served on the Public Defender's Office, which no longer represented Appellant. Accordingly, there was a breakdown in the PCRA court as it relates to providing Appellant with the required notice under the Rules of Criminal Procedure. Thus, we decline to quash Appellant's appeal on the basis it was untimely filed. ***See Commonwealth v. Midgley***, 289 A.3d 1111, 1117 (Pa.Super. 2023) ("Where the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely.").

We next turn to an examination of Appellant's PCRA petition.

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation

marks and quotations omitted).

Initially, we must examine whether Appellant's PCRA petition was timely

filed.

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010)

(citations omitted).

> [There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

- 8 -

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[9] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Marshall**, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Lastly, there is "no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." **Commonwealth v. Brown**, 596 Pa. 354, 943 A.2d 264, 267 (2008).

Here, Appellant filed neither a post-sentence motion nor a direct appeal from his judgment of sentence, which was imposed on January 27, 2015. Thus, his judgment of sentence became final thirty days later, on February 26, 2015, when the time for filing a direct appeal to this Court expired.[10] **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). As indicated *supra*, Appellant had one year to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1).

_____

[9] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. This amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter. In any event, under application of either the one year or sixty-day initial threshold, Appellant is not entitled to relief for the reasons discussed *infra*.

[10] We note Appellant's SVP status was not determined until June 6, 2017. In any event, Appellant's PCRA petition, which was filed on February 21, 2024, is clearly facially untimely.

However, Appellant filed the instant PCRA petition on February 21, 2024, and consequently, it is facially untimely.

Regarding the three limited exceptions set forth in Subsection 9545(b)(1)(i)-(iii), Appellant cites to Subsection 9545(b)(1)(ii), pertaining to the newly discovered facts exception. Generally, to qualify for the newly discovered facts exception, petitioners must prove that the facts upon which their claim is based were unknown and could not have been discovered previously through the exercise of due diligence. 42 Pa.C.S.A. § 9545(b)(1)(ii).

"Due diligence does not require perfect vigilance and punctilious care, but merely a showing the party [ ] put forth reasonable effort to obtain the information upon which a claim is based." **Commonwealth v. Cox**, 636 Pa. 603, 146 A.3d 221, 230 (2016) (quotation marks and quotation omitted). The petitioner must offer "evidence that he exercised due diligence in obtaining facts upon which his claim was based." **Id.** at 227 (citation omitted). Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts. **Id.**

Here, in developing his claim on appeal, Appellant's entire appellate argument is as follows (verbatim):

> In its opinion, the Lower court justiefies [*sic*] its dismissal of the PCRA Petition by stating that it was untimely. In making that

- 10 -

determinatipon [*sic*], the court uses the date that the Appellant's judgment of sentence became final, January 27, 2015.[11]

The Lower court cites 42 Pa.C.S. Section 9545(b)(1) for [the] one-year time period. The proper section is, however, 42 Pa.C.S. Section 9545(b)(1)(ii), which reads as follows:

Section 9545. Jurisdiction and Proceedings.

(b) Time for filing petition.

(1) any petitionunder [*sic*] this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes finale [*sic*], unless the petion [*sic*] alleges and proves:

(ii) The facts upon with [*sic*] the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.

Under this exeception [*sic*], the petitioner has 60 days within which to file a PCRA Petition. 42 Pa.C.S. section 9545(b)(2).

In this case, the purpose of conducting a comprehensive due diligence Investigation of an entity which is a candidate for aquisition [*sic*] may and has no time limit by any law, thosly [*sic*] my investigation and the results, finding of said search can not be denied by the lower courts.

Appellant's Brief at 1 (footnote added).

As is evident, Appellant has not developed a coherent argument with citation to relevant authority. Simply put, Appellant has not "prove[n] that the facts upon which [his] claim is based were unknown and could not have been discovered previously through the exercise of due diligence." 42 Pa.C.S.A. §

_____

[11] As indicated *supra*, this is the date Appellant was sentenced; it is not the date his judgment of sentence became "final" under the PCRA.

- 11 -

9545(b)(1)(ii). Further, to the extent he suggests there "is no time limit by any law," as indicated *supra*, he is mistaken. **See Monaco**, ***supra***.

We acknowledge Appellant is proceeding *pro se* in this matter, and while "this Court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942 (Pa.Super. 2006) (citation omitted). Appellant's *pro se* status does not relieve him of his duty to properly raise and develop his appealable claims. **See id.** Even a liberal construction of Appellant's argument cannot remedy the serious inadequacies. Appellant's undeveloped argument impedes meaningful appellate review, and we decline to address it further.

Accordingly, we conclude Appellant's PCRA petition is facially untimely, and he has not developed a coherent argument concerning any exceptions. Thus, we affirm the PCRA court's order, which denied his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/6/2025